ROBERTS v. THE LEON LOAN & ABSTRACT CO. ET AL.

1. **Practice in Supreme Court**: BILL OF EXCEPTIONS IMMATERIAL WHEN ABSTRACTS ARE CONCLUSIVE. Where appellant has filed an abstract setting forth evidence, and the appellee then files an amended abstract setting forth "the facts as testified to on the trial," without denying that the evidence contained in the original abstract is found in the record, these abstracts will be presumed to contain all the evidence. In such case, the bill of exceptions becomes immaterial, so far as the evidence is concerned, and a motion to strike it from the files will not be considered.

2. **Bill of Exceptions**: NOT NECESSARY TO PRESERVE RULINGS UPON INSTRUCTIONS. Instructions and rulings thereon constitute a part of the record, and need not be set out in the bill of exceptions in order to bring them before this court.

3. **Practice in Supreme Court**: OBJECTION TO ABSTRACT: APPELLEE ESTOPPED FROM URGING. Where appellee, in her amended abstract. denies that the instructions given and refused are set out in the original abstract, and yet her counsel in their argument, if not directly, yet inferentially, admit that the instructions given and refused *are* found in the abstract, the admission thus made will be regarded as a waiver of

the issue raised by such denial, and this court will not consult the record for the purpose of determining such issue.

4. **Mistake by Abstractor of Title:** LIABILITY FOR DAMAGE CAUSED BY: DUTY OF EMPLOYER TO AVERT DAMAGES. Where plaintiff employed defendant to make for her an abstract of title to real estate, and defendant, with no fraudulent purpose, made a mistake in the abstract, whereby plaintiff was lead to believe that she had ten days longer to redeem the land from a sheriff's sale than she actually had acccording to the record, and she learned of the mistake one day before the time for redemption actually expired, *held* that she could not recover of defendant damages on account of her inability to redeem the land, unless she used ordinary diligence in endeavoring to get the money to redeem after the mistake was discovered, and in informing defendant promptly of the mistake, so that it might, by helping her get the money, avert the consequences of the mistake, and thus save itself from liability therefor.

5. **Instructions:** MUST BE FOLLOWED BY JURY WHETHER RIGHT OR WRONG. The instructions given by the court must be followed by the jury, whether right or wrong, and a verdict contrary to the instructions should be set aside.

*Appeal from Clarke Circuit Court.*

THURSDAY, MARCH 20.

ACTION to recover damages for loss sustained by reason of an error in the abstract of title of certain lands, furnished by defendants to plaintiff. There was a judgment in the circuit court upon a verdict for plaintiff. Defendants appeal.

*Harvey & Young, Temple & Tallman, Stuart Brothers* and *S. McPherson*, for appellants.

*McIntire Bros.* and *Bullock & Hoffman*, for appellee.

BECK, J.—I. The plaintiff asks this court, by a motion, "to strike from the files the bill of exceptions, the transcript of the evidence and the records." The grounds of the motion are, *First*, that the bill of exceptions was not filed within the time prescribed by the order of the court; and, *Second*, that it does not sufficiently identify the evidence, pleadings, in-

1. PRACTICE in supreme court: bill of exceptions immaterial where abstracts are conclusive.

structions and other proceedings in the case, being a "skeleton" in form.   This motion first demands our attention.

The order of the court gave ninety days in which to file the bill of exceptions.   It was filed a day or two after the expiration of that time.   Appellants claim that, under an agreement of the attorneys of the parties, the time was extended, and that the bill of exceptions was filed within the time agreed upon.   This agreement, it is alleged, was reduced to writing, and has been lost.   The agreement and the execution of the writing is denied by the plaintiff, and affidavits are filed by each side of the case in support of their respective positions upon this question of fact.   We find it unnecessary to decide the controversy thus brought to our attention, for the reasons which we will proceed to state.

The plaintiff filed an amended abstract, wherein she states, using her own words, "the facts as testified to on the trial." There is no denial in the amended abstract that the testimony contained in the original abstract is found in the record, but the amended abstract presents other evidence, in order to supply omissions, and it is nowhere claimed that both abstracts taken together do not present all the evidence.   We are authorized to infer that they do.   We have held, upon like facts and circumstances, that the parties cannot deny that the abstracts contain all the evidence, even though the bill of exceptions wherein it was certified was striken from the record. *Wells v. The B., C. R. & N. R'y Co.*, 56 Iowa, 520.   It becomes unnecessary to determine the question of fact arising upon the motion to strike the bill of exceptions, for, if we should sustain it, we should nevertheless be required, to regard the abstracts of the respective parties as presenting all the evidence.

The bill of exceptions, it is claimed, does not sufficiently identify and present the instructions given and refused, and other proceedings.   But if exceptions were duly taken to rulings thereon, they may be considered; even though they be not incorporated in a bill of exceptions.   The instructions and rulings thereon

2. BILL of exceptions: not necessary to preserve ruling upon instruction.

constitute a part of the record, and need not be set out in the bill of exceptions, in order to bring them before the court.

The plaintiff in her amended abstract alleges that the instructions given and refused are not set out in defendant's abstract. This denial would send us to the record to determine whether the defendants' abstract is correct in these respects, did not plaintiff's counsel, in their argument, if not directly, yet inferentially, admit that the instructions given and refused are found in the abstract. They argue the questions discussed by defendants' counsel, arising upon the instructions, without objection or suggestion that they are not truly set out in the abstract. They cannot, having in this manner admitted that the rulings upon the instructions complained of by defendants were made and excepted to in the court below, require us to examine the record, in order to determine whether these rulings are found therein. We may remark that, though we are not required, for the reasons just stated, to examine the record, yet, having done so, we find therein the instructions given and refused, and exceptions thereto, as they are reproduced in defendants' abstract.

*3. PRACTICE in supreme court: objection to abstract: appellee estopped from urging.*

II. We will proceed to consider certain decisive questions arising upon the merits of the case.

The defendants were engaged in the business of making abstracts of the title to lands. Certain lands of plaintiff, or rather her husband, were sold upon execution, and plaintiff desired and proposed to redeem from the sheriff's sale. In order to do so, it was necessary for her to borrow the money required to make the redemption, and she proposed to secure the loan by a mortgage upon the lands sold, and other real property. To secure the loan, an abstract of the title of the property she proposed to mortgage was required. She employed defendants to make this abstract, and it was accordinly furnished to her. But it incorrectly gave the date of the sheriff's sale of the land, thus showing that plaintiff had about ten days longer

*4. MISTAKE by abstractor of title: liability for damage caused by: duty of employer to avert damages.*

Roberts v. The Leon Loan & Abstract Co. et al.

time in which to make the redemption than was shown by the record. This mistake she claims was not discovered by her until the day before the expiration of the time in which redemption could have been made. She was unable to secure the money to make the redemption in time, and thus lost the land. She alleges negligence, and a fraudulent purpose on the part of defendants to defeat redemption. The plaintiff's husband, Jesse Roberts, acted as her agent in transacting the business, and the lands were sold upon a judgment in favor of Utley. It is necessary to state these facts for a proper understanding of an instruction which it becomes necessary to consider.

III. The court instructed the jury in the following language:

"*Ninth.* If you find from the evidence that the mistake was made honestly, that it was not made in bad faith, with any intent to mislead the plaintiff, and defendants were ignorant in fact that the mistake had been made; and you further find that plaintiff or her agent, Jesse Roberts, discovered the mistake, and ascertained when the time of redemption would expire under the sale by execution in favor of Utley before it had expired, and that by the exercise of ordinary diligence she could have informed defendants, or either of them, of such mistake, then it was her duty to communicate such fact to the defendants, that they might have an opportunity to protect themselves, and, if she failed to do so, you should find for defendants."

THE SAME.

This instruction is doubtless correct. Good faith and fair dealing required the plaintiff, upon discovering the mistake to give information thereof to defendants, to the end that they could have taken action for their own protection in averting the consequences likely to follow it. But, without considering the soundness of the instruction, it is to be regarded as the law of the case, and should have been followed by the jury.

5. INSTRUCTIONS: must be followed by jury whether right or wrong.

There is no evidence tending to show that the mistake was

made for a fraudulent purpose, and there is no conflict in the proof that it was not discovered by defendants until this suit was commenced. And the evidence establishes without conflict that plaintiff and her agent gave defendants no information of the mistake, and took no steps toward that end. Their office was quite near the clerk's office, where plaintiff's agent first discovered the mistake, and it would have required but little trouble, and but a few minutes of time, to fully disclose to them the existence of the mistake. They would have had one day, at least, in which to devise and execute proceedings to avert the consequences of the mistake. These facts are disclosed by the evidence without conflict, and upon them, under this instruction, the jury should have found for defendants. The motion to set aside the verdict and for a new trial should have been sustained, on the ground that the verdict is in conflict with the instruction above quoted.

IV. The court, in the sixth instruction, directed the jury that, to entitle plaintiff to recover, they should find that she was not negligent, and, by the exercise of ordinary SAME AS NO. 4, diligence, could not have prevented loss resulting *ante.* from defendant's mistake. The evidence shows that the redemption should have been made in Leon, the judgment having been rendered there, and that plaintiff made no effort to obtain the money in that town, but went to Osceola on the last day for redemption, after the discovery of the mistake, in order to secure the money. The defendants asked the court to give the following instruction which was refused:

"5. If you find from the evidence that Jesse Roberts was the agent of the plaintiff, and that he ascertained when the time of redeption would expire under the sale, or under the execution in favor of D. Utley, before it expired, and that there was a mistake in said abstract as to the time when said redemption would expire, and that defendants had no knowledge of said mistake, and that by the use of ordinary diligence plaintiff or her said agent could have communicated that fact to the defendants, or either of them, then it was her duty to

so communicate said fact to said defendants, and give them an opportunity to protect themselves from any damage about to occur, and, if possible, prevent the same; and if she failed to do so, then and in that case the plaintiff cannot recover."

The instruction should have been given. Ordinary diligence required plaintiff to seek for the money where it could have been most readily obtained. If, in the exercise of proper diligence, the plaintiff could have discovered that the money might have been obtained at Leon, it was negligence to go elsewhere to seek it. There was evidence to which the instruction was applicable.

For the errors of the circuit court in overruling the motion for a new trial, and in refusing to give the instruction just quoted, the judgment is

REVERSED.