ROBERTS v. THE LEON LOAN AND ABSTRACT CO.

1. **Mistake of Abstracter of Title:** DAMAGES: PROXIMATE CAUSE. The plaintiff procured of defendant an abstract of title for a tract of land which had been sold on execution, and the abstract erroneously showed that plaintiff had ten days more in which to redeem than she actually had; but she discovered the error some time before the year for redemption had actually expired. She could not have redeemed without borrowing money. The land was worth considerably more than the amount required to redeem, but she failed to make redemption, and in this action seeks to recover her damages on the ground that she

relied on the abstract and was misled thereby. *Held* that the jury would not have been justified in finding that the error in the abstract was the cause of her failure, without some evidence to show that she could not, with reasonable effort, after the discovery of the error, have redeemed within the time allowed; and that, in the absence of such evidence, the court properly directed a verdict for defendant.

*Appeal from Wayne District Court.*

SATURDAY, OCTOBER 23.

THE plaintiff, Isophena Roberts, brings this action to recover for an injury alleged to have been sustained by the wrongful acts of the defendant in preparing for and in delivering to her a false abstract of title to land owned by her, whereby she was misled in respect to the time within which the land could be redeemed from an execution sale, and was induced to defer redemption until it was too late to redeem There was a trial to a jury, and a peremptory instruction was given to return a verdict for the defendant. A verdict was returned accordingly, and judgment rendered in favor of the defendant for costs.

*McIntire Bros.*, for appellant.

*T. M. Stuart*, for appellee.

ADAMS, CH. J.—At the time of the transaction complained of the plaintiff was the owner of a half section of land in Decatur county. The same had been sold upon execution, and the time of redemption expired July 27, 1881. The petition shows that on the eighteenth day of June, 1881, she applied to the defendant for an abstract of title, and the answer concedes that the application was made about that time. The abstract was made by the defendant, and delivered to the plaintiff, but at what time does not appear. On the twenty-sixth of July, about noon, the plaintiff discovered an error in the abstract. It showed that the land was sold on execution August 7, 1880; and the plaintiff, instead of

having eleven days in which to redeem, as appeared from the abstract, had only a day and a half. Her husband, Jesse Roberts, was acting for her as her agent, and applied, in her behalf, to one Banta, at Osceola, in Clarke county, for money with which to redeem; but his application was unsuccessful, and no other effort appears to have been made, and the land was not redeemed. There was some evidence tending to show that the plaintiff could have obtained money and redeemed if she could have had until August 7th, and that the land was worth considerably more than the amount necessary to redeem.

This case is before us upon a second appeal. The former decision is reported in 63 Iowa, 76. The case, as now made, is different in this: that upon the last trial evidence was introduced tending to show that the defendant is a partnership, and that one Max Sanford, a member of the firm, and the person who made the abstract, intended to deceive and mislead the plaintiff in respect to the time of redemption, and cause her to suppose that the year expired August 7th, instead of July 27th, as in fact it did. In directing a verdict for the defendant the court below must have thought that there was no evidence tending to show that the error in the abstract was the proximate cause of the loss.

In one sense, of course, the failure to redeem was the proximate cause of the loss, and must be regarded as such in a legal sense, unless the error in the abstract was the cause of the failure. There is no pretense that the plaintiff had on hand sufficient money to redeem. The resource upon which she admits that she relied consisted in borrowing from some one. Now, the error could not have caused the failure to redeem, unless the plaintiff could and would have redeemed if the abstract had shown the true date of the execution sale; and unless, also, she could not, in the exercise of reasonable diligence, have redeemed after the error was discovered. As to what she could and would have done if there had been no error in the abstract, there appears to us to

be no evidence whatever. There is some evidence tending to show that the plaintiff relied for a time upon the date as shown in the abstract. But the evidence wholly fails to show how long she relied upon it. She could have relied upon it only from the time the date, as given, came to her attention, and until she discovered that it was erroneous, and there is no evidence that he was long enough to enable her to do any act towards raising money, and still less to raise it.

But there is another ground upon which the peremptory instruction can be approved, and that is the entire lack of evidence of any reasonable effort to raise money after the error was discovered. The ‘only evidence upon the point shows an application to one Banta, at Osceola, for a loan, and without a particle of evidence that any security was offered. Besides, the redemption was to be effected at Leon, the county-seat of Decatur county, but no application at that place was made to any one. It appears affirmatively that there were loan agents in Leon, but no application was made to them after the discovery of the error. It is true that an unsuccessful application had been made to them some weeks previous, but it does not follow that a later application might not have been successful. One L. P. Sigler, a member of the defendant firm, was a banker, but no application was made to him. It is true, there was some evidence of bad feeling between Sigler and the plaintiff's husband, but that should not have prevented her from informing Sigler of the error made by Sanford in the abstract, and of her necessity of an immediate loan. Certainly, if he was to be regarded as responsible for Sanford's act, good faith towards him required that he should be informed of the act before redemption should expire.

Much is said in argument about Sanford's bad faith; but that did not relieve the plaintiff of the necessity of redeeming, if she could do so in the exercise of a reasonable effort. She knew from the beginning that the land could be saved only by redemption. She had all the time which the law

allows.   The most that she can complain of is that she was led to suppose that she had more time; but the jury would not have been justified in finding that that was the cause of her failure, without some evidence tending to show that she could not with reasonable effort, after the discovery of the error, have redeemed within the time allowed; and we see no such evidence.

We think that the judgment must be

AFFIRMED.