GRONSETH, Respondent, v. MOHN, et al, Appellants.

(234 N. W. 603.)

(File No. 6299. Opinion filed January 30, 1931.)

*Otto L. Kaas*, of Britton, for Appellants.

*McNulty, Williamson & Smith*, of Aberdeen, and *M. J. Staven*, of Britton, for Respondent.

BURCH, J. Plaintiff sues to recover upon an abstracter's bond. Carl J. Mohn in the principal, and John P. Nelson, H. C. Schussler, and Louis Kurth are sureties upon the bond. The sureties demurred to the complaint, on the ground that it does not state a cause of action against them. Their demurrer was overruled, and they appeal. The principal, Mohn, has not appealed, and the sufficiency of the complaint is to be measured solely as a pleading against the sureties.

The complaint alleges that Mohn was at the time of the matters complained of a bonded abstracter and sets out the bond. The sufficiency of the bond in form or substance is not questioned. In substance, the complaint alleges as a breach of the obligation, that Mohn falsely and fraudulently induced respondent, Gronseth, to loan $5,000 upon the security of a first mortgage on a half section of land belonging to George E. McIntosh; that to effect the loan Mohn forged a note and a mortgage purporting to secure it, in all respects appearing to be regular and in due form executed by McIntosh, to which he attached his own certificate of acknowledgment as notary public; that he then forged on the purported mortgage a certificate of the register of deeds of the proper county showing the mortgage to have been duly recorded, and prepared

abstracts of title (one abstract for each quarter section), in which he showed in its proper place on each abstract the forged mortgage, although it was not in fact recorded. It is alleged that Gronseth relied upon the abstracts, and, believing that the mortgage was duly recorded and a first lien on said land, paid to Mohn, as agent of McIntosh, the amount of the loan whereby he was damaged in the sum of $5,000. Mohn afterward repaid $1,100 of the money so obtained, and judgment for the balance is sought.

The bond provides that the sureties will pay all damages that may accrue to any party "by reason of any error, deficiency or mistake in any abstract or certificate of title made and issued by said principal." Appellants argue that a false entry willfully made is not an error, deficiency, or mistake. We cannot agree that it is not an error. An error is defined by Webster's New International Dictionary as "an act involving a departure from truth or accuracy." There are many other shades of meaning, and the word is often used in another sense, but the general and popular understanding of its meaning includes the above definition, and we have no doubt that the appellants should be held to have contracted with that meaning in mind, and that the indemnity promised by them covers a false entry willfully made as fully as though it had been inadvertently made.

But the promise of the sureties is that they will pay all damages that may accrue from such error. Their liability extends only to such damages as are the proximate result of the error. Atlas Security Co. v. O'Donnell (Iowa) 232 N. W. 121; Denton v. Nashville Title Co., 112 Tenn. 320, 79 S. W. 799; Roberts v. Leon Loan & Abst. Co., 63 Iowa, 76, 18 N. W. 702, on rehearing 69 Iowa, 673, 29 N. W. 776. See note to Equitable Bldg. & Loan Ass'n v. Bank of C. & T. Co., 12 L. R. A. (N. S.) 449. In the instant case the proximate cause of the loss was the making of a loan upon forged instruments. Plaintiff's loss is due solely to the fact that his note and mortgage are forged. There is no part of his loss directly traceable to the fact that his mortgage was not of record as shown by the abstract. If it had been placed of record and then shown on the abstract, the abstract would have been true. But plaintiff would have been no better off. Consequently the error in the abstract did not and could not injure him.

Respondent argues that he relied upon the abstract,

without which he would not have purchased the forged mortgage. The answer to this is that it is not the function of an abstract to detect forgeries, and an abstract makes no representations as to genuineness or authenticity of documents the record of which it shows. The function of an abstract is to show the record in an abbreviated and compact form so an examiner may be advised of the record without a search of the recorder's books. If some important part of the record is omitted, injury may result to one bound by the notice the record gives. The object of the record is to give notice and is binding as notice, although the person affected may have or receive no actual knowledge or notice. If the abstract contains a false entry, such as the release of a mortgage, it is easy to see that one relying upon the fictitious entry may be injured by an incumbrance he believes released. But damages resulting in such case flow directly from reliance upon the abstract as a true reflection of the record by which he is bound. Gronseth had no right to do so, if he did rely upon the abstract to secure his loan. An abstract cannot possibly secure a debt, unless pledged for its intrinsic value. No such use is involved here. The bondsmen contract to indemnify for loss occasioned by a legitimate use of a defective abstract. When so used, if there is a false recital, the falsity of the recital relied upon is the material element of damage, and the damage is measured by a comparison of the position of the injured party under the false recital and what his position would be if the recital were true. In the instant case the abstract in its proper function could not have caused the injury, because a recorded forged mortgage is worth no more than an unrecorded one.

The issues between Gronseth and the bondsmen seem to have been obscured by the fraud and deceit practiced by Mohn in which he used a false abstract to give color of truth to his false representations. No redress is sought for false and fraudulent representations against appellants. No one claims the bondsmen are guilty of fraud or made any representations true or false, or that they ever heard of the transaction before they were sued. Respondent's injury resulted from the deceit practiced by Mohn, not the error in the abstract. This is not an action in deceit. No doubt Mohn is liable for deceit whether accomplished by one or more false representations. And if any or all of appellants are guilty of

the deceit, they are also liable, but not as bondsmen. The fact that they are bondsmen is immaterial. Their liability as bondsmen is limited to the terms of their contract. The argument that Gronseth would not have loaned his money if the abstract had been true, and therefore the falsity of the abstract caused the loss, is specious. How he would have acted under different circumstances cannot be considered. He did act, and the question is, Having acted as he did, how much is he now in his present position damaged by the fact that his mortgage was not of record? Obviously he has suffered no damage. Without an interest in the land there is no interest to injure by errors in an abstract of title to the land. It is the damage to one's title that the bondsmen indemnify against. To illustrate the fallacy of any other view, an extreme case may be used. Suppose D is about to buy of B a valuable tract of land on which he can make a sure profit of $10,000. C, an abstracter, to prevent the purchase, prepares a false abstract showing a deed from B to himself. D, believing B no longer owns the land, abandons negotiations and thereby loses the sure profit he might have made. Would any one contend that D could recover of C's bondsmen the lost profits? Yet that case is hardly more extreme than the instant case. M. induced G. to loan money upon the security of a forged mortgage. To induce G. to act he made a number of false representations, one of which was a false abstract showing such mortgage recorded, but surely G.'s loss was occasioned by the failure of his security and not by an erroneous statement in the abstract that such security (which was in fact forged) had been placed of record.

 Respondent says and seeks to make a point of it that the complaint alleges that he relied wholly upon the abstract and not upon the mortgage and note, and that upon the demurrer this must be accepted as a fact. If he did, he relied on something utterly worthless whether true or false as security for a loan. But that is not the proper interpretation of such an allegation. The facts are all pleaded and are all to be considered together. Under the pleaded facts, the allegation, if any more than a conclusion, should be held to mean that he relied wholly upon the abstract as evidence that the mortgage was recorded. He had no right to rely on it for proof that the mortgage was genuine.

We are satisfied the complaint does not state a cause of action against the bondsmen.

The order overruling the appellant's demurrer is therefore reversed.

POLLEY, P. J., and CAMPBELL and BROWN, JJ., concur. ROBERTS, J., not participating.