ELIASON *v.* COMMISSIONER OF PERSONNEL, STATE OF MARYLAND

[No. 69, September Term, 1962.]

*Decided November 13, 1962.*

*Motion for rehearing filed November 29, 1962, denied December 12, 1962.*

The cause was argued before HENDERSON, HAMMOND, PRESCOTT, HORNEY and MARBURY, JJ.

*Benjamin Lipsitz* for the appellant.

The Court declined to hear argument for the appellee. *Thomas B. Finan, Attorney General, Joseph S. Kaufman, Deputy Attorney General,* and *Thomas W. Jamison, III, Assistant Attorney General,* on the brief for the appellee.

PER CURIAM.

In this proceeding to review the action of an administrative agency (Commissioner of Personnel of the State of Maryland) in discharging Elmer Oliver Eliason, Jr., an employee of the State Roads Commission, the Baltimore City Court affirmed the order of the Commissioner terminating employment and entered a judgment for costs against the employee. In due course the judgment became enrolled. Seventeen months later the employee moved the trial court to reopen the case so as to afford

him an opportunity to present evidence that was not available at the appeal hearing. The appeal to this Court is from the order of the lower court denying the motion to open the enrolled judgment.

Until his suspension the appellant had been employed as a maintenance electrician at the Baltimore Harbor Tunnel. On a day in March of 1960 on which a snowstorm had been forecast, the employee was ordered to remain on duty overtime (as he was required to do in an emergency), but he refused, stating that he would not stay except for "electrical trouble," and left at the customary quitting time. When he reported for work the next day he was suspended.

The employee had previously sustained an accidental injury and claimed compensation for the resulting disability, but he failed to claim such disability as a reason for disobeying the order to work overtime either then or at the hearing before the Commissioner of Personnel. Such disability was, however, assigned as a reason for not staying overtime in his petition to appeal the decision of the Commissioner. And, at the hearing on appeal, the employee sought and was permitted to produce "evidence of the contents" of his claim for compensation as well as evidence of the medical treatment he was receiving on or about the time of his suspension.

But after the judgment had been made absolute by the clerk, he made no effort to open it or to toll its becoming enrolled under Maryland Rule 625. And even after the Compensation Commission had found as a fact in December of 1961 that the employee was disabled on the date he was suspended, he did not move to reopen the case until March of 1962.

Rule 625 is explicit that the revisory power and control of a court over an enrolled judgment exists only in case of "fraud, mistake or irregularity." Yet the employee, even though he was aware of the necessity of establishing one of the stated essentials, claims on this appeal that he did not seek to set aside or strike out the judgment but sought to open it for the limited purpose of receiving evidence of the finding of disability made by the Compensation Commission, and contends that the lower court was in error in refusing to do so. The contention lacks merit.

It was incumbent upon the employee not only to produce satisfactory proof that he was acting in good faith and with ordinary diligence, and that he had a meritorious defense, but also to produce such facts and circumstances as would establish fraud, mistake or irregularity. *Tasea Investment Corp. v. Dale,* 222 Md. 474; *Williams v. Snyder,* 221 Md. 262. The employee made no effort to comply with any of these requirements. He clearly failed to act with diligence. He did not even allege that the judgment sought to be opened had been obtained by any sort of mistake or irregularity. Nor was there any claim that the judgment was fraudulently entered.

Regardless of the distinction—generally based on equitable considerations—the courts in other jurisdictions draw between the judicial act of *opening, striking out* or *setting aside* a judgment, we think it is clear that the language of the Rule, which merely restates in substance the rule at common law, embraces all the power the courts of this State have to revise and control enrolled judgments and decrees.

Under the circumstances, the lower court did not err in refusing to open the enrolled judgment.

*Order affirmed; appellant to pay the costs.*