## VENTRESCA ET UX. *v.* WEAVER BROTHERS, INC.

[No. 393, September Term, 1971.]

*Decided July 7, 1972.*

The cause was argued before BARNES, MCWILLIAMS, SINGLEY, SMITH and DIGGES, JJ., and IRVING A. LEVINE, Associate Judge of the Sixth Judicial Circuit, specially assigned.

*Thomas E. Walker,* with whom was *George A. Wilkinson, Jr.,* on the brief, for appellants.

*Thomas A. Farrington,* with whom were *Sasscer, Clagett, Channing & Bucher* on the brief, for appellees.

LEVINE, J., delivered the opinion of the Court.

This is an appeal from an order vacating a default judgment obtained by the appellants (plaintiffs below) against the appellee, Weaver Brothers, Inc., for failure to file a responsive pleading to the declaration. Since the appellee was but one of four defendants sued by the appellants, an order was also entered pursuant to Rule 605 a, by which the court made an express determination that there was "no just reason for delay in entering a final judgment as to liability in favor of the Plaintiffs . . ." and directed that a final judgment as to liability be entered.

Confusion arose immediately after suit was filed because the appellants, although shown by the allegations of the declaration to have been aiming at Weaver Brothers, Inc., erroneously sued a wholly different corporation known as "Weaver Brothers, Inc. of Maryland." In what may be described as something of a "knee-jerk" reflex, the latter filed a general issue plea. The appellants quickly recognized that they had captioned their case against the wrong party and sought to rectify their er-

ror by obtaining leave of court to interlineate the correct name, the effect of which was to substitute "Weaver Brothers, Inc." for "Weaver Brothers, Inc. of Maryland."

The appellee was finally served on May 7, 1971, returnable to the first Monday of June. On July 2, 1971, ten days after "Weaver Brothers, Inc." was required to plead, the appellants obtained their default judgment subject to proof of damages, and on August 3, 1971, there was entered the final judgment pursuant to Rule 605 a. The three other defendants filed general issue pleas on May 3, 1971, May 18, 1971 and August 11, 1971, respectively, each of them apparently being timely filed, as no defaults were sought against any of them. Neither the motion for default judgment nor the motion for entry of final judgment was served on any of the defendants.

On September 21, 1971, notwithstanding that "Weaver Brothers, Inc. of Maryland" and its attorney had previously been let out of the case after filing a general issue plea, counsel now representing the appellee filed a second general issue plea on behalf of "Weaver Brothers, Inc. of Maryland" and, jointly with one of the other defendants which they also already represented of record, Parkwood, Incorporated (Parkwood), filed a "Motion to Set Aside or Revise Judgment." The motion alleged mistake and fraud, although the latter contention was subsequently abandoned; later, the moving parties also claimed "irregularity." Only after the appellants signaled by a "Motion Ne Recipiatur" that the "Motion to Set Aside" had been filed on behalf of a corporation which was no longer a party, much less one in default, did counsel correct the error by moving to amend the motion so as to assert it on behalf of "Weaver Brothers, Inc." together with Parkwood.

Extensive memoranda, exhibits and affidavits of counsel were filed, and the matter finally came on for hearing before Judge Mitchell who, in setting aside the judgment, ruled from the bench that the appellant should have served all parties other than the appellee with the

motion for default judgment. He was evidently under the impression that the "Motion to Set Aside" was addressed to his discretion, judging from this portion of his statement:

> "Well, gentlemen, I think this case comes within the area of discretionary action on the part of the Court rather than as a matter of any hard and fast legal right.
>
> * * *
>
> "Whether a strict interpretation of the letter of the Rule would place that obligation upon him [to serve the other defendants] is a matter that might be ruled upon either way I suppose, but this Court would seem to have some discretion in this matter.
>
> "Default judgments are not looked upon with favor, really, more so maybe under the rules than they used to be, but I can see no injury to anyone by permitting this case to go forward on its merits . . ."

Although at least one seemingly material fact was in sharp dispute as a result of the lengthy affidavits of respective counsel, the court took no testimony. This was unfortunate, as the hearing consisted principally of extended argument of counsel, in which both sides made generous reference to "facts" neither contained in the aforementioned affidavits nor otherwise disclosed by the record.

### 1.

*In limine,* the appellee urges dismissal of the appeal for the reason that the order setting aside the judgment, from which this appeal was taken, was not a final judgment and, therefore, is not appealable.

In support of its contention, it calls attention to the fact that the order, in addition to setting aside the judgment entered against it, required that the case "be placed upon the docket for trial." The appellee apparently rea-

sons, without citing any supporting authority, that an order which specifies the next logical step, given the vacation of the judgment, can only be interlocutory in nature, especially since the appellants had established neither liability of the remaining defendants nor damages against any of them.

This argument, if we have correctly followed it, does not take into account a basic proposition which even the appellee has consistently recognized in the court below and here, namely, that the judgment had been enrolled some 18 days before the joint motion to set it aside was filed.

Thus, since the order appealed from vacated an enrolled judgment, appellee's contention is controlled by *Mutual Benefit Society of Baltimore, Inc. v. Haywood,* 257 Md. 538, 263 A. 2d 868 (1970), where, in holding that "an order striking out a judgment more than thirty days after entry is in the nature of a final order appealable to this Court," we cited with approval *Gay Investment Co. v. Angster,* 231 Md. 318, 322, 190 A. 2d 95 (1963), and *Williams v. Snyder, Adm'r,* 221 Md. 262, 267-68, 155 A. 2d 904 (1959). Those decisions and other authorities cited in *Williams,* make it clear that one obtaining an enrolled judgment acquires a substantial right which, if divested by an order setting it aside, confers an immediate right of appeal to this Court. Having obtained an enrollment of their judgment by the expiration of 30 days following the order making the judgment final pursuant to Rule 605 a, the appellants acquired an immediate right of appeal to this Court.

## 2.

Rule 625 a provides in relevant part that after a judgment becomes enrolled by the expiration of 30 days following its entry, the court has "revisory power and control over such judgment, only in case of fraud, mistake or irregularity." As a result of a host of decisions too numerous to list completely here, it is now axiomatic that the power of the court to revise and control an enrolled

judgment is no longer discretionary. *Berwyn Fuel & Feed Co. v. Kolb,* 249 Md. 475, 240 A. 2d 239 (1968) ; *Suburban Properties Management, Inc. v. Johnson,* 236 Md. 455, 204 A. 2d 326 (1964) ; *Tasea Inv. Corp. v. Dale,* 222 Md. 474, 160 A. 2d 920 (1960), and *Williams v. Snyder, Adm'r, supra,* are but a few of the cases which stand for that proposition. Thus, to the extent that the court below set the judgment aside in what it viewed as an exercise of discretion, it acted in error.

From numerous decisions applying Rule 625 a, there have also emerged the requirements that, in addition to proving "fraud, mistake or irregularity," one seeking to set aside an enrolled judgment must also establish that he is acting in good faith, with ordinary diligence, and that he has a meritorious defense. *Temple Hill Baptist Church, Inc. v. Dodson,* 259 Md. 515, 270 A. 2d 802 (1970) ; *Grantham v. Board of County Commissioners,* 251 Md. 28, 246 A. 2d 548 (1968) ; *Eliason v. Commissioner of Personnel,* 230 Md. 56, 185 A. 2d 390 (1962) ; *Berwyn Fuel & Feed Co. v. Kolb,* and *Tasea Inv. Corp. v. Dale,* both *supra.*

The appellee contends here, as it did in the court below in seeking to set the judgment aside, that the filing of the motions by counsel for the appellants without informing the other defendants was an "irregularity," and that there was a "mistake," in that the clerk should not have received the motions since they were unaccompanied "by an admission or proof of service upon the opposite party."

Since the appellee concedes, as indeed it must under Rule 306 b, that, as the defaulting party, it was not entitled to service of the motions, its argument is necessarily reduced to the proposition that failure to serve counsel for *Parkwood* was an "irregularity," in that appellants' counsel knew that the former would also be representing "Weaver Brothers, Inc." and thus, had he been served, would have filed a pleading for the appellee. It relies heavily for this contention upon Rule 321 c which provides that "[a] copy of a motion . . . *shall* be

served upon the party *affected* by such motion . . ." (emphasis supplied.) It argues that Parkwood was "affected" by the default since the declaration, in the main, asserts liability against the latter by reason of negligence of its agent, "Weaver Brothers, Inc." Thus, if the judgment were allowed to stand, it would be required to defend at a trial with a default having been entered against its agent. The appellee also points to the fact that in responding to interrogatories propounded by one of the other defendants, the appellants, on June 1, 1971 (after service upon "Weaver Brothers, Inc." but before the default was entered), served copies of their answers not only upon counsel then of record for other parties, but also upon "Weaver Brothers, Inc.," in care of its resident agent in Baltimore.

Thus, the appellee says, "irregularity" was demonstrated in that the failure to serve Parkwood's attorney with the default papers was not the result of mere oversight, but was a "back door" gambit aimed at obtaining an enrolled judgment.

In *Grantham v. Board of County Commissioners for Prince George's County, supra,* where *Berwyn Fuel & Feed Co. v. Kolb, supra,* was quoted with approval, the burden which the party seeking to strike out an enrolled judgment must meet was summarized as follows:

> " 'As was pointed out in *Tasea Investment Corp. v. Dale,* 222 Md. 474, 160 A. 2d 920 (1960) and in *Murray v. Fishman Construction Co.,* 241 Md. 538, 217 A. 2d 357 (1966), the trial court, besides requiring the party, who moves to set aside an enrolled judgment, to prove that he is acting in good faith and with diligence and that he has a meritorious defense, should also require a showing of such facts and circumstances as will establish the fraud, mistake or irregularity allegedly used to obtain the judgment sought to be vacated.
> " '* * * A mere *error,* which in legal parlance

generally connotes a departure from truth or accuracy, *State ex rel. Smith v. Smith,* 252 P. 2d 550, 555 (Ore. 1953) and *Gronseth v. Mohn,* 234 N. W. 603, 604 (S. D. 1931), is certainly not an *irregularity* (under Rule 625), which is usually defined as the doing or not doing of that, in the conduct of a suit at law, which, conformable with the practice of the court, ought or ought not to be done. *State v. Lazarus,* 65 S. E. 270, 272 (S. C. 1909) ; *State ex rel. Caplow v. Kirkwood,* 117 S.W.2d 652 (Mo. 1938) ; *Babb v. City of Wichita,* 241 P. 2d 755 (Kan. 1952) ; *Black's Law Dictionary* (4th Ed.).

" 'We also point out that the entry of the default judgment, pursuant to Rule 310 b, by the plaintiff without giving notice to the defendant did not constitute an 'irregularity' within the meaning of Rule 625. *Pumphrey v. Grapes,* 215 Md. 573, 138 A. 2d 916 (1958). Nor was the attorney for the plaintiff obliged to advise the attorney for the defendant of his intention to enter judgment by default. See Rule 306 b.' 249 Md. at 478-79." (Emphasis in original.) 251 Md. at 35.

The definition of "irregularity" quoted above was also applied in *Mutual Benefit Society of Baltimore, Inc. v. Haywood, supra.*

We have considerable doubt that the other defendants were "affected" within the meaning of Rule 321 c by the appellants' motions aimed only at the obtention of a judgment against the appellee, especially in the absence of any determination below that appellants' counsel knew that the attorneys of record for Parkwood would also represent "Weaver Brothers, Inc." We find it unnecessary, however, to reach this issue, as we are of the view that the failure to serve the other parties was not an "irregularity" within the meaning of Rule 625 a.

As we have already noted, under the provisions of Rule

306 b, "[s]ervice need not be made on a party in default for failure to appear," and the failure to notify such a party or his attorney of the intention to obtain a default judgment is not an "irregularity." *Penn Central Company v. Buffalo Spring & Equipment Co., Inc.*, 260 Md. 576, 273 A. 2d 97 (1971) ; *Household Finance Corporation v. Taylor*, 254 Md. 349, 254 A. 2d 687 (1969), and *Himes v. Day*, 254 Md. 197, 254 A. 2d 181 (1969).

The appellee's contention that, nevertheless, the appellants' failure to serve *Parkwood's* attorney was an "irregularity," lacks merit for the simple reason that it represents an effort by the defaulting party to relieve itself of the burden of "ordinary diligence" by shifting it to the appellants. In stressing the failure of the appellants to serve Parkwood's attorney, the appellee has neither here nor in the court below offered any explanation for the failure of the appellee or its intended attorneys, who were already of record for Parkwood, to keep informed of the proceedings. As we have already stated, a litigant who has been duly summoned must keep himself informed in regard to what occurs in a pending case. *Penn Central Company v. Buffalo Spring & Equipment Co., Inc.*, and *Tasea Investment Corp. v. Dale*, both *supra.*

Although four months elapsed from the date the appellee was duly summoned to the date of enrollment, no indication is given that the appellee or its attorneys ever informed themselves of the status of the case during that period. This failure on their part takes on added significance when it is noted that during the same period, counsel for the appellee filed papers on behalf of one or more of the other defendants below on four separate occasions. In these circumstances, the failure to serve *Parkwood* with papers directed at obtaining a default judgment against "Weaver Brothers, Inc." did not constitute an "irregularity" within the meaning of Rule 625 a.

The appellee's reliance upon *Mutual Benefit Society of Baltimore, Inc. v. Haywood, supra,* is misplaced, as the facts of that case are clearly distinguishable. There, the clerk's failure to give notice of a contemplated dismissal

for want of prosecution was held to be an "irregularity" under Rule 625 a, since the local rule relied upon by the clerk in entering the dismissal collided with the notice requirements of Rule 530 b. The result was a dismissal of what may have been the claim of a legitimate litigant without the notice clearly required by Rule 530 b.

Nor, did the appellee establish that there was a "mistake," which would support the decision of the court below, in the clerk's acceptance of the appellants' motions absent the "admission or proof of service of a copy thereof upon the opposite party . . ." as provided in Rule 306 a 2. The short answer to the appellee's contention in this regard is that, notwithstanding the acceptance of the default papers for filing, the absence of "admission or proof of service" was as evident to the court when the orders were signed, correctly we think, as it was to the clerk who accepted them for filing. The entry of the judgment occurred not as the result of "mistake," there being none, but rather in consequence of the appellee's failure to meet the requirements of "ordinary diligence" imposed upon one seeking to vacate an enrolled judgment. See *Penn Central Company v. Buffalo Spring & Equipment Co., Inc.; Household Finance Corporation v. Taylor,* and *Grantham v. Board of County Commissioners for Prince George's County,* all *supra.*

For these reasons, the enrolled judgment obtained by the appellants against the appellee should not have been set aside.

> *Order striking judgment reversed; judgment against Weaver Brothers, Inc. reinstated; remanded for inquisition on amount of damages; appellee to pay the costs.*