(Decided June 1st, 1860.)

---

# John P. Rutherford *vs.* F. F. Pope and M. A. Hamilton, Exc'rs of Wm. Gardner.

An exception not signed or sealed by the judge, purporting to set out certain rules of court, is not sufficient to show this court what such rules are.

During the term at which a judgment is rendered it is subject to the control of the court, and no appeal lies from an order made, during the term, striking out a judgment by default and reinstating the case.

APPEAL from the Court of Common Pleas.

An action of *assumpsit* was brought, on the 3rd of December 1857, by the appellant, the endorsee, against the appellees, executors of Wm. Gardner the maker of a promissory note for $361. The defendants were summoned but did not appear, and a judgment by default for want of a plea was

Rutherford, vs. Pope, et al., exc'rs of Gardner.

entered on the 11th of June 1858, and on the 21st of the same month, the note, protest and affidavit of the plantiff having been filed, the judgment was extended by the court for $394.61 and costs. Afterwards, during the same term of the court, to wit, on the 11th of August 1858, the defendants, by their attorney, filed a motion to have the judgment by default stricken out, upon the grounds that a former suit upon the same cause of action between the same parties had resulted in the defeat of the plaintiff, and that they had a valid defence consisting of an account in bar. Whereupon, on the 7th of September 1858, the court (MARTIN, special Judge) ordered the judgment to be stricken out and the cause to be reinstated. The defendants then regularly appeared and filed their pleas. The plaintiff then, by his attorney, filed in the cause what the record calls a bill of exceptions, in which he excepts to the order of the court striking out the judgment, for various reasons, and among others that the motion to strike out was made in violation of certain rules of the court, which are set out in the exception. This bill of exceptions, however, was not signed or sealed by the judge. The plaintiff then appealed from the order striking out the judgment.

The cause was argued before LE GRAND, C. J., ECCLESTON, TUCK and BARTOL, J.

*Wm. J. Waterman*, for the appellant, argued, that the motion to strike out the judgment was not legally before the court, because no appearance in writing had been entered by the attorney who made the motion for the defendants, as required by the Act of 1856, ch. 112, sub. ch. 1, sec. 11, and also because it was made without complying with the requirements of the rules of court, and that the order of the court striking out the judgment was not an exercise of discretionary power from which no appeal lies, but a violation both of the rules of court and the laws of the State, and, therefore, is a matter properly to be corrected by this court.

*St. Geo. W. Teackle*, for the appellees moved to dismiss the appeal, upon the ground that the subject matter of the order appealed from was purely in the discretion of the court, the order striking out the judgment having been passed during the same term at which the judgment was rendered. 6 *H. & J.*, 151, *Hawkins vs. Jackson.* 6 *Md. Rep.*, 508, *Ellicott vs. Eustace.*

LE GRAND, C. J., delivered the opinion of this court.

The motion, in this case, to dismiss the appeal, must prevail. There is nothing in the record which can be relied upon by this court to show what are the rules of the court of Common Pleas, applicable to its action in the premises. It is true, the appellant's counsel, in what he terms his exceptions, has set out certain rules as those of that court, but they are not certified to as such by the judge, or otherwise, and of course cannot be taken as such by this court.

The record shows that the motion to strike out the judgment was made during the *same term* at which it was rendered. Until the lapse of the term, it was subject to the control of the court. Whether the judge, in striking out the judgment, acted wisely or not, it is not for this court to determine on this appeal, the matter not being before it. See the case of *Ellicott vs. Eustace*, 6 *Md. Rep.*, 508, and the cases there referred to.

*Appeal dismissed.*

(Decided June 1st, 1860.)