(Decided 30th June, 1869.)

TOBIAS G. TOWNSHEND, use of W. & S. WYMAN & Co., use of R. & W. W. ISAAC, use of JOHN L. TURNER, *vs.* WILLIAM B. CHEW and JOHN F. SUMMERS, terretenants.

*Striking out a Judgment—Appeal—Term of the Circuit Courts.*

Every judgment is subject to the control of the Court during the term at which it is rendered, and may, on motion made at the same term, be stricken out; and no appeal lies from the order striking it out.

Townshend, use of Wyman, *et al. vs.* Chew and Summers.

A term of the Circuit Court continues until the call of the next suc-
ceeding term, unless it affirmatively appear that, before that time, it
was by order of the Judge adjourned *sine die*.

APPEAL from the Circuit Court for Prince George's
County.

The appellant, Townshend, recovered a judgment against
the appellee, Chew, at the April Term, 1858, of the Cir-
cuit Court for Prince George's County; a *scire facias* was
issued on this judgment against the *terre-tenants* of the
said Chew, returnable to the April Term, 1864, of said
Court, which was never returned by the Sheriff, and an
*alias* writ of *scire facias* was issued, returnable to the fol-
lowing November Term, which was also never returned
by the Sheriff, and a third writ of *scire facias* issued, re-
turnable to the April Term, 1865, of said Court, which
was returned "*scire feci,*" and a proper personal appear-
ance was entered for the defendants at that term. On
the 11th of April, 1865, a *fiat* was confessed against the
defendants as terre-tenants of certain lands of which the
original defendant, Chew, was seized at the date of the
original judgment against him in 1858. On the 6th of
November, 1865, the first day of the next succeeding term,
a motion and affidavit were filed by the appellee, Summers,
to strike out the judgment of *fiat* entered on the 11th of
April, 1865, because the same had been rendered by sur-
prise, error, and mistake. The affidavit showed that the
affiant had employed counsel to defend the suit, and had
furnished him with a list of witnesses, by whom he ex-
pected to prove that the judgment, in the writ of *scire
facias* recited, had been long since fully paid and satisfied;
and that the *fiat* was entered without the knowledge of
the affiant or his counsel. The affidavit further showed
that the original defendant, Chew, had, subsequent to the
rendition of the original judgment, petitioned for the
benefit of the insolvent laws, and that the appellee, Sum-

mers, had purchased the land of which he was returned *terre-tenant*, of the insolvent trustee, had paid the purchase-money therefor, and had obtained a deed from said trustee. Turner, the *cestui que use*, answered the motion to strike out the judgment of *fiat*, and insisted that the same ought not to be stricken out, because there was no surprise or irregularity in obtaining it, as alleged, and further, that the motion to strike out ought to have been made during the term of the Court at which the judgment of *fiat* was entered. At April Term, 1866, the Court (BERRY, J.,) passed an order striking out the judgment, and from that order the present appeal was taken.

The cause was argued before BARTOL, C. J., STEWART, BRENT and ROBINSON, J.

*Alex. B. Hagner* and *Wm. H. Tuck*, for the appellant.

*C. C. Magruder* and *Thomas G. Pratt*, for the appellee.

BRENT, J., delivered the opinion of the Court.

It appears that a judgment of *fiat* was entered in this case, at the April Term, 1865, of the Circuit Court for Prince George's County. On the 6th of November following, being the first day of the term next after that at which the *fiat* was entered, and before the meeting and call of the Court for that term, a motion was made to strike out the judgment. The Court ordered it to be stricken out, and from that order the present appeal is taken.

In the case of *Hilleary & Brewer, Trustees of Waters, vs. Weer, use of Carr, use of Thrift*, recorded in Liber G. E. and J. S. F., No. 1, folio 122, &c., of "Opinions Unreported," where the question arose whether a motion to set aside a sale was made during the term at which the execution was returned, it was held that a term of the Circuit Court continued until the call of the next succeeding

term, unless it should affirmatively appear that before that time it had, by order of the Judge, been adjourned *sine die.*

Under this decision, the record shows that the motion to strike out the judgment in this case was made during the same term at which it had been rendered.

Every judgment is subject to the control of the Court until the lapse of the term at which it is rendered, and an order striking it out, passed upon a motion made during the term, is not the subject of an appeal. *Rutherford vs. Pope et al., Exr's of Gardner,* 15 *Md.,* 579. This appeal must therefore be dismissed.

*Appeal dismissed.*

(Decided 30th June, 1869.)