Mr. Justice Hagner
delivered .the opinion of the Court:
This is a motion to dismiss an appeal. In January, 1862, a judgment was obtained in the old Circuit Court by Crumbaugh against these defendants. It ivas entered in the form in us'e at that time; judgment for the debt with $10,000 damages, the damages to be released on payment of four thousand and odd dollars with interest thereon from *2 a designated date, and $2,000 with interest from another date. An execution of fieri facias issued in October, 1862-No further step was taken in the case until 1873, when the judgment was entered for the use of Raub, by Mr. Williams, who appeared as counsel, and directed a scire facias to be issued. This was eleven years after the recovery of the judgment. The.scire facias was returned “ scire feci” as to Henry Otterback and nihil as to Benjamin L. An alias scife facias was issued against Benjamin, and a second nihil returned. Nothing further was done until 1885, when the appearance of Mr. Claughtou was entered for the plaintiff', and on June 26, 1889, a fiat was entered .against both defendants. On the 1st day of July, 1889, at the same time> the appearance of Mr. Willoughby was entered for one of these defendants, and lie thereupon filed a motion to strike out the fiat.
On the 8th of the month, the appearance of Mr. Davis was entered for the other defendant, and he entered an appeal from the order directing the fiat A few days after the justice then holding the Circuit Court ordered tha fiat to be stricken out, and gave the defendants leave to plead to the scire facias. This appeal was taken from that order by the plaintiff, and the motion to dismiss the appeal is interposed upon the ground that the order is not appealable in its character.
The plaintiff insists the motion should be overruled ; first because the order is an appealable one, inasmuch as it certainly involves the merits of the case; and, secondly, because the motion made-by Mr. Willoughby, and which was sustained by the judge, must be controlled by No. 88 of the Law Rules relating to motions to vacate judgments, which directs that such a motion must be made in writing, with a statement of the grounds upon which it is founded, and must also be sworn to by the mover.- The latter formality was not complied with in this case. We think these contentions can not be sustained. The proper function of the *3 fiat entered in such a state of case, is satisfactorily stated in 2 Sellon’s Prac., 187. “Properly speaking, a scire facias to revive a judgment is only the continuation of an action. It is a step leading to the execution of a judgment already obtained; it is but the enforcing of the original demand for which £he action was brought. In a word, the scire facias to revive judgments, creates nothing anew, but may be said only to re-animate that which before had existence, but whose vital faculties are, as it were, suspended, and without the salutary interference of the scire facias would be wholly lost.”
The j?«i, therefore, was not a judgment at all in the sense of Rule No. 88 or of the Act of Maryland of 1787, Ch. 9, Sec. b, to which the rule applies. Notwithstanding the fiat has been stricken out, the original judgment remains. Where a fiat stands and an execution of fieri facias is ordered to collect the debt, the fieri facias would issue upon the original judgment and not upon the fiat. The order, fiat executio, is nothing but the permission of the court that this original judgment which at the time was inert, shall become operative. The authorities are very clear that such a judgment has only the authority of a judgment nisi during the term at whic^L it is entered. On page 92 of Evans’ Practice, the author, in discussing seriatim the forms in which judgments are entered in the different law actions, -where the defendant does not appear, says: “In ejectment,the course resorted to is a judgment against the casual ejector, under-which the plaintiff is put into possession of the disputed land. In a scire facias it is a judgment or fiat, as it is usually called in that action, which closes up .the controversy. Both these descriptions of judgments will, however, be strickeu out on entering an appearance during the term.” It has, accordingly, always been understood in our practice, where a fiat is entered by default, that an appearance by the defendant during the term, would cause the vacation of the fiat. It is apparent that Rule 88 does not embrace a case like thei *4 present, for a fiat on a scire facias is not the description of judgment referred to in the rule. The language of the Act of 1787 shows this very plainly, for it declares that “in any case where a judgment shall be set aside for fraud,” etc., “the said courts, respectively, may direct the continuances to be entered from the court when such judgment ivas obtained, 'until the court such judgment shall be set aside.” Of course this does not contemplate the predicament where the judgment is stricken out during the term, because, in that case, there would be no continuances to enter. The motion here not being embraced by Rule 88, it was not necessaiy it should have been supported by affidavit. The order to strike out having been passed at the term the fiat was entered, was clearly within the discretion of the court, and is not appealable. Phillips vs. Negley, 117 U. S., 665 ; Rutherford vs. Pope, 15 Md., 579. We are not to be understood as deciding the merits of any of the pleas or defenses which have been or may be interposed to the scire facias, and which will be for consideration by the court below.

Appeal dismissed.