JAMES B. PRESTON and CAROLINE J. PRESTON, use of
ANNIE HAMNER *vs.* JAMES J. McCANN and JULIA
E. McCANN.

*Motion to Strike out Judgment and Reinstate Case for New
trial—Order from which Appeal will not lie.*

Under section 171 of Article 4 of the Code of Public Local Laws,
providing that "any action taken or order passed by any of said
Courts in relation to any judgment rendered by it, if taken or
passed within thirty days after the entry of such judgment, or
upon a motion or application made to it within said thirty days,
shall have the same effect and force as it would have had, under
the practice heretofore existing in said Court, if taken or passed
during the term, or upon a motion or application, made during
the term, at which said judgment was entered, and no more,
* * *" no appeal will lie from an order striking out a judgment
and reinstating the case for a new trial, where the motion to
strike out was made within thirty days after the entry of such
judgment, though the motion was not decided until after the
expiration of that period.

APPEAL from the Court of Common Pleas.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., ROBINSON,
BRYAN, and McSHERRY, J.

*Wm. George Weld,* and *Stewart Brown,* for the appel-
lants.

*Charles J. Bonaparte,* for the appellees.

ALVEY, C. J., delivered the opinion of the Court.

It is quite unnecessary to go into a critical examination
of all the facts of this case, for it is clear that no appeal

lies.   There has been a motion made to dismiss the appeal, and that motion must prevail.

The appeal is from an order striking out a judgment, and reinstating the case for a new trial.   It is only necessary to refer to the principal facts which gave rise to the motion to strike out, and upon which that motion was based.

The case was tried before the late Judge DUFFY; and the verdict was rendered on the 9th of February, 1892 ; and it appears that during the trial certain exceptions were reserved by the defendants, to be subsequently written out in form, and signed by the Judge.   On the same day of the rendition of the verdict, a motion was made by the defendants, in arrest of judgment.   The exceptions reserved were not prepared and signed within the *thirty days* mentioned in the statute, (Code, Pub. Local L., Art. 4, sec. 170), but the time for signing such exceptions was extended from time to time, by the Judge before whom the case was tried, until the time of his death, which occurred on the 1st of July, 1892.   The Judge became seriously ill shortly after the trial, and was not able to attend to business at any time thereafter down to the time of his death.   Or, as stated in the affidavit of his son, a member of the bar,—"My father became too ill to discharge his official duties on the 19th of February last past, and so continued to the day of his death, with the exception that he was able to sit in Court one day and dispose of a case which had been pending at the time when he was first taken ill.   He left the City of Baltimore and the State of Maryland for the benefit of his health on the 29th day of March last, and remained uninterruptedly until the 29th day of April following.   During the whole period of his illness the state of his health was such that he could not have revised bills of exception in an important and contested case ;" and it is shown that the bills of exception were of that character in this case.

. Judge DUFFY was succeeded in the Court of Common Pleas by Judge PHELPS ; and on the 25th of June, 1892, the motion in arrest of judgment was overruled by the last named Judge, and a judgment the same day entered upon the verdict.   On July 7th, 1892, six days after the death of Judge DUFFY, the defendants moved to strike out the judgment, and that they be allowed to have a new trial upon the ground, that, by reason of the death of Judge DUFFY, they were unable to have their bills of exception settled, signed and sealed by the Judge who tried the case.

The motion to strike out the judgment was not acted upon until the 24th of September, 1892, upon which day the judgment was ordered to be stricken out, and that the case should stand for retrial.   It is from this order that this appeal is taken.

We assume that the Judge below, in striking out the judgment, acted upon the authority of the case of *State, use of Samuel vs. Weiskittle*, 61 *Md.*, 48, and the cases therein referred to; and whether his conclusions were well supported by the facts or not, is a question not open to review on this appeal.   He had all the facts and circumstances of the case before him, and if he thought, as doubtless he did, that injustice would or might be done to the defendants, by denying them the right of a review upon the exceptions reserved by them, and that such right had not been lost or forfeited by any neglect or fault of their own, then he was quite justified in striking out the judgment and granting a new trial.   And we are not for a moment to be understood as intimating that he was not fully justified in what he did.   But that is not the question here.

The judgment was entered during the May Term of the Court, (Code, Pub. L. Laws, sec. 157,) and the motion to strike out was entered *within twelve days* after the judgment entered, and during the same term of the

Court; though the motion was not acted on and the judgment stricken out, until the 24th of September following, and after the expiration of the May Term.

It is an undoubted general principle, settled by many cases in this Court, that a judgment is subject to the control of the Court until the lapse of the term at which it was rendered ; and it is also settled, that from an order striking out such judgment, passed upon a motion made during the same term at which the judgment was rendered, no appeal lies, because the matter rests in the discretion of the Court ; and it makes no difference in this respect, and no appeal is given, though the motion to strike out, made during the term, was not acted upon until after the lapse of the term. The right of appeal depends upon the time when the motion was made, and not upon the time when it was decided. *McLaughlin vs. Ogle,* 53 *Md.,* 610, and cases there cited. And so far as the common law Courts of the City of Baltimore are concerned, the principle of the distinction between the effect of an act done or motion made during the term, and a motion made and action thereon after the term at which the judgment was rendered, is fully recognized and provided for by local statute, (Code, Pub. Local Laws, Art. 4, sec. 171, codified from Act of 1886, ch. 184,) wherein it is provided that "any action taken or order passed by any of said Courts in relation to any judgment rendered by it, if taken or passed within *thirty days* after the entry of such judgment, or upon a motion or application made to it within said *thirty days,* shall have the same effect and force as it would have had, under the practice heretofore existing in said Court, if taken or passed *during the term,* or upon a motion or application made *during the term* at which said judgment was entered, and no more; but any such action taken or order passed after the expiration of the *thirty days* from the entry of any judgment, (*unless upon a motion or*

Preston *vs.* McCann.

*application made within that time,*) shall have the same effect and force as it would have had under such previous practice, if taken or passed after the expiration of said term, and no more." The period of *thirty days,* therefore, is substituted, or adopted for said Courts in lieu of the ordinary term, within which the judgment, or action of the Court in relation thereto, remains under the control of the Court, as was the case under previous practice in regard to the term; but if a motion or application be made, as in this case, *within the thirty days* from the rendition of the judgment, the time of the decision relates to the time of the motion entered, and has the same effect, as by previous practice it had, in such cases, where the motion to strike out had been made during the term at which the judgment entered, though not acted upon until after the expiration of the term. Here the motion to strike out was entered within the thirty days, but decided after the expiration of that period, and the case is fully within, and must be controlled by, the case of *McLaughlin vs. Ogle, supra;* and therefore the appeal must be dismissed.

*Appeal dismissed.*

(Decided 13th January, 1893.)