FREDERICKA C. SUNDERLAND and G. CLIFTON
SUNDERLAND, Her Husband, vs. THE BRAUN
PACKING COMPANY, A Corporation, FRED-
ERICK W. STEHLE et als.

*Judgments: motion to strike out—; during term; discretion of
Court. Judgments by confession.*

A motion to strike out a judgment, when made during the term
at which judgment was rendered, is within the sound discre-
tion of the Court and from its ruling upon such motion no
appeal will lie.                                           p. 128

The same rule applies to a judgment entered by confession.
                                                           p. 130

A Court has the same control over a judgment by confession
entered during the recess of the Court as it has over a
judgment entered during the session of the Court.        p. 131

*Decided December 7th, 1912.*

Appeal from the Circuit Court for Anne Arundel County
(BRASHEARS, J.).

The facts are stated in the opinion of the Court.

The cause was submitted to BOYD, C. J., BRISCOE, PEARCE,
BURKE, THOMAS, PATTISON and STOCKBRIDGE, JJ.

*Ridgely P. Melvin* and *Robert Moss* filed a brief for the
appellant.

*Archibald Sykes, Sidney L. Nyburg* and *Daniel R. Ran-
dall* filed a brief for the appellee.

THOMAS, J., delivered the opinion of the Court.

On the 17th of November, 1911, the appellants filed in the Circuit Court for Anne Arundel County the titling of a case against the appellees, and the Braun Packing Company, a corporation, and Adolph C. Braun and Pauline Braun, his wife, the *narr.*, cause of action, two affidavits and an order of the attorney for the defendants to enter his appearance and to enter a judgment by confession in favor of the plaintiffs for the sum of $8,863.88, with interest from date and costs, and two per cent. attorney's fee for collection, etc., and on the same day the clerk of the Court entered the judgment in accordance with said order.

The cause of action was as follows:

No. ——, $12,000.00.

ANNAPOLIS, MD., November 18th, 1909.

Three years after date, we jointly and severally promise to pay to Fredericka C. Sunderland and G. Christopher Sunderland or order, the sum of twelve thousand dollars ($12,000) for value received, with interest from date, hereby waiving the benefit of all exemption and stay laws, and agree, in default of payment of this note when it becomes due, to pay the usual attorney's fees for collection.

And we hereby jointly and severally authorize the clerk of the Circuit Court for Anne Arundel County, Maryland, to enter, or any attorney of any Court of Record to appear for us and in our names to confess judgment for the above sum, interest and costs, and attorney's fees, after maturity.

Witness our hands and seals this 18th day of November, 1909.

THE BRAUN PACKING COMPANY,

(Seal)                                    B. A. C. BRAUN,
                                                President.

Attest:

HENRY EBLING,
    Secretary.

| | |
|---|---|
| A. C. BRAUN, | (Seal) |
| PAULINE BRAUN, | (Seal) |
| JACOB F. EBLING, | (Seal) |
| FRED. W. STEHLE, | (Seal) |
| HENRY EBLING, | (Seal) |

The *narr.* alleged that the said cause of action or note was secured by mortgage of the same date from the Braun Packing Company, and that said mortgage "recites that in default of the payment of said principal sum, or the interest thereon to accrue, or in any part of either of them, at the time limited for the payment of the same (being semi-annually for the interest thereon), then the entire mortgage debt, as represented by said note, shall be deemed due and demandable, and that said mortgage having become in default for the non-performance of the covenants therein contained, was foreclosed in due course of law," and that by reason of said default the said promissory note had matured, and by its terms the plaintiffs were entitled to a judgment against the defendants.

The affidavits, which were made by the plaintiffs and their attorney, state that at the time the note and mortgage were given it was understood and agreed by all the parties that the note should be considered due and payable "whenever the mortgage became in default," and the order given by Winson G. Gott, attorney for the defendants, to enter the judgment by confession, was signed by him as "Attorney for defendants under power in note."

On the 23rd of November, 1911, the appellees, three of the defendants in said judgment, filed a motion to strike out the judgment for the following reasons: "First—Because said judgment was entered unadvisedly, improvidently and without due authority by the attorney appearing therein for the defendants. Second—Because said defendants, your petitioners, have a perfectly proper and valid defence to said action of which they desire to avail themselves, and which they have had no opportunity whatever to present or to avail themselves of by reason of the fact that said suit was docketed against them and simultaneously said judgment was confessed therein against them by an attorney whom neither they nor any of them had engaged, but who entered his appearance and confessed the judgment therein solely through a supposed authority embodied in the cause of action filed

therein and without any subpoena or any notice whatever addressed or given to the defendants therein, or any of them. Third—Because it is manifest on the face of the note filed in said cause, as the cause of action therein, that the plaintiffs were not entitled to a judgment in said cause when the same was entered."

The Court below held that "the judgment was prematurely entered," and on the 3rd of February, 1912, ordered it to be stricken out, and this appeal is from that order.

The appellees have filed in this Court a motion to dismiss the appeal, and without considering the questions determined by the order from which the appeal was taken, we think it clear that this motion must prevail.

It appears from the record that the motion to strike out the judgment was made during the same term at which the judgment was entered, and where that is the case the application is within the sound discretion of the Court, and no appeal lies from an order striking out the judgment. This is the rule as stated by Mr. Poe, and repeatedly announced and applied by this Court. 2 *Poe's Pl. & Pr.* (3rd Ed.), sec. 389.

In the case of *Rutherford* v. *Pope,* 15 Md. 579, CHIEF JUDGE LeGRAND said: "The record shows that the motion to strike out the judgment was made during the *same term* at which it was rendered. Until the lapse of the term, it was subject to the control of the Court. Whether the judge, in striking out the judgment, acted wisely or not, it is not for this Court to determine on this appeal, the matter not being before it," and in the case of *Townshend* v. *Chew,* 31 Md. 247, the Court held that every judgment is subject to the control of the Court until the lapse of the term at which it was rendered, and an order striking it out, passed upon a motion made during the term. is not the subject of an appeal. In the case of *Preston* v. *McCann,* 77 Md. 30. CHIEF JUDGE ALVEY, after stating that the judgment in that case was entered at the May term of Court, and that the motion to strike it out was made during the same term, said:

"It is an undoubted general principle, settled by many cases in this Court, that a judgment is subject to the control of the Court until the lapse of the term at which it was rendered; and it is also settled, that from an order striking out such judgment, passed upon a motion made during the same term at which the judgment was rendered, no appeal lies, because the matter rests in the discretion of the Court; and it makes no difference in this respect, and no appeal is given, though the motion to strike out, made during the term, was not acted upon until after the lapse of the term. The right of appeal depends upon the time when the motion was made, and not upon the time when it was decided." And in the very recent case of *Laubheimer* v. *Johnson,* 98 Md. 685, the Court quotes the above statement of CHIEF JUDGE ALVEY and then says: "It is entirely unnecessary to multiply authorities in support of a principle so well recognized, and which has been so frequently enforced in the practice of our Courts as the one just stated."

Counsel for the appellants contend that this rule does not apply to a judgment by confession entered by the clerk of the Court under the provisions of section 6 of Article 26 of the Code of 1912, and they rely upon the case of *Tyrrell* v. *Hilton,* 92 Md. 176.

Section 6 of Article 26 of the Code, 1888, provided that "Any judge in the recess of his Court may order his clerk to enter a judgment by confession, with the assent of the parties or their attorneys, in writing, which shall be filed with the order of the judge; and a judgment so entered shall, from the date of its entry, have the same effect as if entered during the session of the Court." This section was amended by the Act of 1890, Ch. 411 (now section 6 of Article 26 of the Code of 1912), which provides that "The clerk of any Court in this State may during the recess of said Court enter a judgment by confession with the assent of the parties or attorneys in writing, which shall be filed with the titling, *narr.,* cause of action and other papers in the case in which said judgment is entered; and a judgment so entered shall

from the date of entry of the same by the clerk have the same effect as if entered during the session of the Court." By both of these sections a judgment entered in pursuance of the authority therein contained, is given the same effect as if entered during the session of the Court, and in the case of *Tyrrell* v. *Hilton, supra,* the Court held that a judgment entered by the clerk under the provisions of the Act of 1890, "must necessarily have the same validity, as if entered upon the order of the judge." In that case the motion to strike out the judgment by confession entered by the clerk under the authority contained in the Act of 1890, was made five years after the judgment was entered, and in entertaining the appeal from the order granting the motion, there is not a suggestion in the opinion of this Court that it was not within the power of a Court to strike out a judgment by confession, or that an appeal would lie from such an order, passed upon a motion made during the term at which the judgment was entered. While the judgment by confession referred to in the Code of 1912 is entered by the clerk of the Court, it is nevertheless a judgment of the Court, and can have no greater effect than a judgment entered during a session of the Court. Like other judgments, during the term at which it was entered, it is subject to the control of the Court, and no appeal lies from an order striking it out, passed upon a motion made during the same term.

It is said in 1 *Freeman on Judgments* (4th Ed.), sec. 90: "The power to vacate judgments was conceded by the common law to all its Courts. This power was exercised in a great variety of circumstances, and subject to various restraints. The practice in the different states is, in many respects, so conflicting that few rules can be laid down as universally applicable. One rule is, however, undoubted. It is, that the power of a Court over its judgment, during the entire term at which they are rendered, is unlimited." The same author says that "Judgments by confession are in nowise exempt from the rule applicable to other judgments,

that to be valid they must be entered in a Court having jurisdiction over the subject-matter of the action and the parties thereto," and that "Where it clearly appears that the plaintiff was not entitled to the judgment on the notes and warrants of attorney, the Court should vacate the judgment and leave him to pursue the ordinary remedy by action." Volume 2, section 547. In Volume 2, section 558A he also says that "The effect of a judgment by confession is not substantially different from that of a judgment entered in a contested litigation."

It is said in 23 *Cyc.* 722: "A judgment by confession may be opened or vacated on motion during the term at which it was entered, or after the end of the term, unless this is expressly forbidden by statute," and on pages 862 and 892, that "Courts have power to amend a judgment by confession, as well as any other, by rectifying mistakes, correcting the form of the judgment, or supplying omissions," and that "the power of Courts to grant relief by opening or vacating judgments is not generally limited either by the nature or form of the action, or by the amount in controversy. It extends to judgments rendered upon default, by confession, and upon trial and verdict."

There is no ground for holding that a Court has not the same control over a judgment by confession entered during the recess of a Court that it has over a judgment entered during the session of the Court, and where, as in this case, the judgment is entered by the clerk, out of the presence and without an order of the Court, there is even greater reason why the rule we have stated should apply.

Without meaning to question the propriety of the order passed by the learned Court below, the appeal in this case must, for the reasons stated, be dismissed.

*Appeal dismissed, with costs.*