## SIMON SILVERBERG *v.* LEROY HENRY DEARHOLT

[No. 84, October Term, 1941.]

*Decided November 13, 1941.*

The cause was argued before SLOAN, JOHNSON, DELA-PLAINE, COLLINS, FORSYTHE and MARBURY, JJ.

*J. Paul Schmidt,* with whom were *Silverberg & Silverberg* on the brief, for the appellant.

G. *Van Velsor Wolf* for the appellee.

FORSYTHE, J., delivered the opinion of the Court.

Simon Silverberg, an attorney at law, held two confessed judgment notes against his client, LeRoy H. Dearholt, one dated January 3, 1939, for $917.10, and the other dated August 5, 1938, for $500. The first note did not specify any rate of interest, but the second note provided for interest at 6 per cent. Both notes provided for 15 per cent collection fee.

On September 25, 1941, Silverberg entered a judgment against Dearholt in the Superior Court of Baltimore City,

for the sum of $1,680.34, and an attorney's fee of $252.05. Two days later, on September 27, 1941, the appellant filed a motion to strike out the said judgment, and on October 3, the court struck out the judgment, with leave to the defendant to plead within fifteen days. The court did not retain the lien. From that order this appeal was taken.

In the affidavit filed by Silverberg, it appears that the indebtedness for which the two notes were given had been fully paid at the time the judgment was entered, but that Dearholt had expressly authorized Silverberg to hold the notes as security for a future indebtedness, and to have judgment entered in case payment of the latter indebtedness was not made. The affidavit further stated the amount of the indebtedness to be $1,680.34. No written agreement between Silverberg and Dearholt, to the effect that the said notes were to be held as security and collateral for a future indebtedness, was filed.

In the motion to strike out the judgment, it is alleged that Silverberg previously had entered a confessed judgment in the Baltimore City Court, and after the defendant had demurred to the answer of the plaintiff filed to the motion to strike out, the plaintiff voluntarily dismissed the judgment. There was no denial of that allegation. In fact, at the hearing in this Court, it was admitted.

A motion to dismiss the appeal has been filed in this Court, the ground of which is that the ruling of the court in striking out a judgment is within the sound discretion of the court, and no appeal will lie at the instance of the plaintiff.

There is no difficulty about the rule in this State in reference to striking out judgments on motions made, within the term. In *Poe's Practice*, Vol. 2 (Tiffany Edition), Sec. 389, it is stated: "Where the motion to strike out is made within the term at which the judgment is rendered * * * the application is within the sound discretion of the court, and when it is granted and the

judgment is stricken out, no appeal will lie at the instance of the plaintiff. The reason of this is that, as to the plaintiff, the order striking out the judgment is not a final disposition of the case, but leaves it on the docket in a condition to be regularly heard and disposed of in its order, according to the course of the court, and does no substantial injury to the plaintiff." *Seth v. Chamberlaine,* 41 Md. 186, 194; *State v. Butler,* 72 Md. 98, 100, 18 A. 1105; *Sunderland v. Braun Packing Co.,* 119 Md. 125, 86 A. 126, Ann. Cas. 1914D, 156. Also in *Poe's Practice,* Vol. 2, Sec. 391, it is stated: "Should the plaintiff take an appeal from an order striking out his judgment, on motion of the defendant made during the term at which the judgment was recorded, his appeal will be dismissed." *Townshend v. Chew,* 31 Md. 247; *McLaughlin v. Ogle,* 53 Md. 610; *Preston v. McCann,* 77 Md. 30, 25 A. 687. It was said in *Rutherford v. Pope,* 15 Md. 579, 581: "Whether the judge, in striking out the judgment, acted wisely or not, it is not for this Court to determine on appeal, the matter not being before it."

The appellant contended that the lower court should have retained the lien. That contention has no force, because that also was a question entirely within the court's discretion. *Commercial Savings Bank v. Quall,* 156 Md. 16, 142 A. 488.

In this case the court had the fact before it that the judgment was entered for an amount greater than the amount of the combined notes; that no written agreement of the parties that the notes should be held as security, or collateral for a future indebtedness had been filed, as well as other facts upon which to base its judgment and exercise its discretion.

The record in this case contains nothing to indicate that the lower court, in the exercise of its judicial discretion, acted improperly in striking out the judgment and declining to retain the lien.

*Appeal dismissed, appellant to pay the costs.*