## CORBIN *v.* JONES
[No. 124, October Term, 1951.]

*Decided March 12, 1952.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON and MARKELL, JJ.

*Albert J. Goodman,* with whom were *Ginsberg & Ginsberg,* on the brief, for appellant.

No brief and no appearance for appellee.

COLLINS, J., delivered the opinion of the Court.

This is an appeal, by appellant, plaintiff below, from an order, granted on September 18, 1951, by the trial

judge, striking out an order given by the plaintiff on August 1, 1951, settling and satisfying the short note case in an attachment proceeding. The motion to strike out the order settling and satisfying the case, was made and filed by defendant, appellee, on August 29, 1951 and stated that the claim was paid "inadvertently". The appellee has filed herein a motion to dismiss the appeal under Rule 47 of this Court.

In the case of *Legum v. Farmers National Bank of Annapolis,* 180 Md. 356, 24 A. 2d 281, where a judgment debtor appealed from an order of court striking out an order of satisfaction of a judgment against him, this Court said: "In a recent case (*Silverberg v. Dearholt,* 180 Md. 38, 22 A. 2d 588) this court quoted with approval the statement of this rule in *Poe's Practice,* Vol. II (Tiffany Edition, Par. 389), to the effect that where the motion to strike is made within the term and is granted, no appeal lies at the instance of the plaintiff because such order is not a final disposition of the case, but leaves it on the docket to be legally heard in due course, and therefore no substantial injury is done to the plaintiff." Likewise, in the instant case, the order striking out the order to settle and satisfy the case is not a final disposition of the short note case and the attachment, but leaves it on the docket to be legally heard in due course.

Assuming, without deciding, that the order from which the appeal here is taken is a final order, Rule VI (1) Revisory Power of Courts over Final Judgments, Orders and Decrees.) provides in part: "For a period of thirty (30) days after the entry of any judgment, order or decree, final in its nature, or thereafter pursuant to motion filed within such period, the Court shall have the same revisory power and control over such judgment, order or decree as it had during the term at which it was entered under the practice heretofore existing." The order to satisfy in the instant case was given on August 1, 1951. The motion to strike out that order was filed

on August 29, 1951, and therefore comes within the thirty day period aforesaid.

*Poe's Practice,* Vol. II, Par. 389, *supra,* which sets out the "practice heretofore existing" as to motions to strike out judgments, before the passage of Rule VI (1), *supra,* provides: "Where the motion to strike out is made during the same term at which the judgment is rendered, \* \* \* the application is within the sound discretion of the court: and when it is granted and the judgment is stricken out, no appeal will lie at the *instance of the plaintiff.*"

If the order in the instant case, striking out the order settling and satisfying the case and from which the appeal is taken, is not a final order, of course no appeal lies to this Court. If it is a final order, the motion to strike having been made within the thirty day period, it is not appealable under Rule VI (1), *supra.* The appeal must therefore be dismissed.

*Appeal dismissed, with costs.*