**Stanley SUYDAM and Mazie Suydam,**
**Appellants,**

**v.**

**The BANK OF SILVER SPRING,**
**Appellee.**

**No. 12634.**

United States Court of Appeals
District of Columbia Circuit.

Argued April 10, 1956.

Decided April 26, 1956.

Mr. Russell Hardy, Sr., Washington, D. C., for appellants.

Mr. Leo Howard Kerns, Washington, D. C., for appellee.

Before PRETTYMAN, BAZELON and BASTIAN, Circuit Judges.

PER CURIAM.

Plaintiff, Bank of Silver Spring, sued on an alleged judgment rendered in favor of plaintiff against defendants, Suydam, in the Circuit Court for Montgomery County, Maryland. Attached to the complaint as an exhibit was what purported to be a certified copy of the judgment.[1] Defendants answering denied

---

1. "In the Circuit Court for Montgomery County, Maryland (Caption)

No. 2929 Law

September 8, 1954—Declaration, Note, Affidavit, Military Affidavit, Authority to confess and assent to Enter Judgment filed.

September 8, 1954—Case docketed by consent and judgment confessed by the defendants in favor of Plaintiff's Cost the Plaintiff for the sum $12.10 pd. of Three Thousand Six 9-8-54 by Pltff. Hundred Six and 12/100 dollars ($3,606.12) current money, with interest from September 8, 1954 and $12.10 costs and

$360.61 attorneys fee, hereby waiving all exemptions under the laws of the State of Maryland.

September 8, 1954—Summons issued to Sheriff Montgomery County for Charles R. and Karen H. Allen to October Return Day. September 8, 1954—Summons mailed by registered mail to Stanley and Mazie Suydam. October 1, 1954—Sheriffs return: Served Charles R. and Karen H. Allen the 18th day of September, 1954.

"S. Prescott, Jr., Attorney for the Plaintiff.

"J. W. Nalls, Jr., Attorney for the Defendants.

"State of Maryland, Montgomery County, Set.

"I Hereby Certify, That the aforegoing

that a judgment had been rendered against them and denied that the exhibit attached to the complaint "is a copy of any final judgment." Thereafter motion for summary judgment was filed by the plaintiff and, after argument, was granted.

The question before us is whether the complaint discloses a final judgment on which judgment in this jurisdiction may be obtained. We think it does not.

The statute in Maryland, describing the procedure to be followed in cases of judgment by confession, provides, insofar as applicable to this case, as follows:

"*Rule 1. Judgment by Confession.*

"(a) *Entry.* Judgment by confession may be entered by the clerk upon the filing by the plaintiff of a declaration in the usual form, accompanied by one or more written instruments authorizing the confession of judgment and entitling the plaintiff to a claim for liquidated damages and supported by an affidavit made by the plaintiff or some one on his behalf stating the amount due thereunder, and indicating the post office address (including street address if needed to effect mail delivery) of the defendant.

\* \* \* \* \* \*

"(c) *Non-resident Defendants.* If the affidavit filed in the proceedings shows that the defendant is not a resident of Maryland, the clerk shall send by registered mail to such defendant at his address indicated in the affidavit a summons similar to that prescribed in Section (b) and it shall be the duty of such defendant to respond to such summons within thirty days *after the receipt thereof*; or the plaintiff may, if he so

elects, provide for the personal service of the summons upon the defendant, whereever [sic] he may be found, and file in the proceedings an affidavit showing the time and place of such service. Such personal service shall have the same effect as if the defendant had been summoned in the manner prescribed in Section. (b). [Emphasis supplied.]

\* \* \* \* \* \*

"(g) *Other Cases.* Except as authorized by this rule, judgments by confession shall be entered only upon order of court, after such notice and upon such terms as the court may direct." Annotated Code of Maryland, 1951, Vol. 3, p. 4878, General Rules of Practice and Procedure.

Tested by this statute, it is obvious that the record in this case does not disclose a final judgment in favor of the plaintiff against the defendants. It is true that the Maryland action was filed September 8, 1954, and that, on the same date, judgment was confessed for the amount claimed. This complied with Rule 1(a) of the above quoted Maryland statute. It then became the duty of the clerk to mail summons by registered mail to the defendants, who were non-residents of the State of Maryland. The record discloses that this was done; however, this is where the record ends. Nothing appears to show that the defendants ever received the summons; nor does it appear whether or not defendants "responded to such summons" within the time specified in subd. (c) of the statute, at the time (October 15, 1954) the Clerk of the Circuit Court for Montgomery County made the certificate embodied in the exhibit to the complaint filed in our District Court. No judgment against the defendants can be said to be final un-

is a true copy of the Docket Entries and Judgment in the above entitled cause, taken from the Record of Proceedings of the Circuit Court for Montgomery County; and I hereby further certify, that said Record contains no entry to show that the Judgment aforesaid has been satisfied either in whole or in part.

"In Testimony Whereof, I hereunto set my hand and affix the Seal of the said Court, this 15th day of October, A.D. 1954.
"/s/ Clayton K. Watkins
Clerk of the Circuit Court for Montgomery County, Maryland."

til the General Rules of Practice and Procedure have been fully complied with. There is no such showing here. The judgment of the District Court must be reversed.

Reversed.