## S. W. BARRICK & SONS, INC. *v.* J. P. COUNCILL COMPANY

[No. 122, September Term, 1960.]

*Decided January 16, 1961.*

Submitted to BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

Submitted on brief by *Fred A. Thayer* for the appellant.

Submitted on brief by *E. Ray Jones* and *Lewis R. Jones* for the appellee.

PER CURIAM.

The sole question on this appeal is which of two executions is entitled to be satisfied first out of the proceeds of a sale by the sheriff of the personal property of the judgment debtor. One execution was issued simultaneously with the entry (on February 15, 1960) of a judgment by confession on a confessed judgment note. The other was issued immediately following the extension by the court (on February 17, 1960) of a judgment by default.

On the theory that the judgment by confession was not "final in its nature" within the meaning of Maryland Rule 5 o,

the claim of the holder of the judgment by default (Barrick) is that it is entitled to a preference over the holder of the judgment by confession (Councill). The twofold basis for the contention is that the judgment by confession could not and did not become final until the expiration of the thirty-day period prescribed by Rule 645 b and that—since the judgment had not been "entered" pursuant to Rule 619—Councill was without authority to direct the issuance of an execution under the provisions of Rule 622 a.

The contentions are without merit. It is clear, we think, that a judgment by confession—since it has all of the incidents of other judgments (*Remsburg v. Baker,* 212 Md. 465, 468, 129 A. 2d 687 [1957])—is a final judgment within the meaning of the rule even though it may be vacated, opened or modified for good cause shown within the time specified by Rule 645 b. In this respect, a judgment by confession is essentially the same as a judgment entered in a contested case in that before enrollment both are subject to control of the court for a limited period of time. Cf. *Sunderland v. Braun Packing Co.,* 119 Md. 125, 131, 86 Atl. 126 (1912). The only purpose of requiring the judgment debtor (Duvall Farms) to be summoned and served with a show cause (or *nisi*) order was to afford it an opportunity to vacate, open or modify the judgment if it had cause for so doing. *Bolotin v. Selis,* 212 Md. 239, 242, 129 A. 2d 130 (1957). Furthermore, inasmuch as Rule 645 was never intended to, and did not, affect the finality of a judgment by confession in the absence of a showing of cause (cf. *Foland v. Hoffman,* 186 Md. 423, 432, 47 A. 2d 62 [1946]), there was no reason to enter an interlocutory judgment or a judgment *nisi* on the confessed judgment note.

Since the issuance of the execution on the judgment by confession was not improper, and since it was the duty of the sheriff to execute the writs of *fieri facias* in the order they were delivered to him, it was likewise his duty to pay the net proceeds of sale to the judgment creditors in the same order. 2 Poe, *Pleading and Practice* (Tiffany), § 667. That in this case would be Councill first and then Barrick.

> *Order affirmed; the appellant to pay the costs.*