GAY INVESTMENT COMPANY *v.* ANGSTER

[No. 266, September Term, 1962.]

*Decided April 15, 1963.*

The cause was argued before BRUNE, C. J., and HENDERSON, HORNEY, MARBURY and SYBERT, JJ.

*Joseph B. Axelman,* with whom were *Steinberg & Axelman* on the brief, for appellant.

*Harry M. Sachs, Jr.,* for appellee.

MARBURY, J., delivered the opinion of the Court.

When the Superior Court of Baltimore City granted the motion of the appellee, Rose Angster, to strike out and vacate a confessed judgment obtained by the appellant, The Gay Investment Company, against the appellee, and others, in the amount of $13,884, plus interest, and attorney's fee of $1,388.40, but retained the lien of the plaintiff-appellant, the latter brought this appeal.

On January 9, 1959, a confessed judgment note in the principal amount of $13,884 was executed in favor of the assignor of the appellant by Club Vending Company, Inc., William Angster, husband of the appellee, and the appellee Rose Angster. Pursuant to the terms of the note, judgment by confession was entered against ·the makers on July 6, 1959, for the full amount, plus a ten percent attorney's fee. A summons was issued on July 7, 1959, pursuant to Maryland Rule 645 b as to all the makers, but was returned *non sunt.* No effort was made by the plaintiff to reissue the summons or to proceed by publication as provided by Rule 645 d and Rule 105. However, the appellee admitted that she had knowledge of the existence of the judgment approximately two years prior to her motion to strike and was aware that a waiver of the judgment was executed by the appellant upon payment of $1,000 on the judgment. This waiver was filed April 25, 1961.

Appellee filed her motion to strike the judgment on May 11, 1962, and at the hearing thereon testified that although she signed the note she did not read it. She also testified that she signed it because her husband had asked her to do so; that she did not know how much money was advanced as consideration for the note; and that she thought she was signing as an officer of the Club Vending Company, Inc., and not individually. She further admitted having had a telephone conversation about two years before the hearing, with Mr. Steinberg, an officer of the appellant, in which they discussed the judgment against her.

At the conclusion of the hearing on the motion to strike, the court below denied appellant's motion *ne recipiatur* and granted appellee's motion to strike, but provided that the lien of the appellant was to be retained.

On this appeal we are confronted with a motion to dismiss by appellee on the ground that the order of the court below was not such a final order as permits an appeal under existing rules. In addition, we are presented with two questions by appellant: (a) did the appellee exercise proper diligence in filing a motion to strike judgment where she had knowledge of the existence of the confessed judgment approximately two years prior to the filing of the motion and she had known that the judgment had been waived for her benefit, and payment had been made on the judgment to secure the waiver more than one year prior to the filing of her motion; and (b) did the allegations in the motion to strike contain a disclosure of facts and circumstances sufficient to warrant the striking out or the opening of the confessed judgment. We will first consider appellee's motion to dismiss. In doing so, we must of necessity also consider appellant's first contention, since the two matters are interdependent.

The common law rule was that a court had revisory power to strike out a judgment, including a judgment by confession, on a motion made at the same term at which the judgment was entered. 2 Poe, *Pleading and Practice* §§ 388-390 ('Tiffany's ed.) ; *Sunderland v. Braun Packing Co.,* 119 Md. 125, 86 Atl. 126. This rule has been modified through the years and at present is embodied in Rule 625, which gives a court thirty days after the entry of judgment, or thereafter pursuant to motion filed within such period, revisory power and control over the judgment. After the lapse of this thirty day period the power of the court to control and revise the judgment is no longer discretionary. *Williams v. Snyder, Adm'r,* 221 Md. 262, 155 A. 2d 904.

When a motion is granted for cause shown during the term or within thirty days, under the present rule, opening a judgment for the purpose of hearing the cause on its merits, no appeal lies at the instance of the plaintiff because the order striking or setting aside the judgment is not a final disposition of the case, but leaves it on the docket to be heard in due course. *Silverberg v. Dearholt,* 180 Md. 38, 22 A. 2d 588. Cf. *Legum v. Farmers National Bank,* 180 Md. 356, 24 A. 2d 281; *Corbin v. Jones,* 199 Md. 527, 86 A. 2d 911; 2 Poe, *op. cit. supra* §

391. If the motion is made after the expiration of the term, or after thirty days subsequent to its entry, when the judgment has become enrolled, the plaintiff has the right of appeal. See 2 Poe, § 391, *supra*. For the purposes of this case the question then is, was the judgment entered July 6, 1959, a final and enrolled judgment, or was it still necessary that the plaintiff take action to secure its finality by securing service of process upon the resident defendants pursuant to Rule 645.

Rule 645, dealing with judgments by confession, contains a provision that within thirty days after the service of a summons on a confessed judgment debtor, he must show cause why the judgment should be vacated, opened or modified. The effect of a judgment by confession is not substantially different from a judgment entered in a contested case. *Sunderland v. Braun Packing Co., supra.*

In *Suydam v. Bank of Silver Spring,* 233 F. 2d 21 (D.C.), where the record did not show that the judgment debtor had been served with summons as required by the General Rules of Practice and Procedure of Maryland, Pt. Three, II, Rule 1 (a, c, g), the predecessor of present Rule 645, the United States Court of Appeals, District of Columbia Circuit, held that the action of the Circuit Court of Montgomery County in granting plaintiff's motion for summary judgment on a confessed judgment note was in error. (The plaintiff was a Maryland corporation and the defendants were nonresidents of the State.) The United States Court stated that no judgment against the defendants could be said to be final until the Maryland General Rules of Practice and Procedure had been fully complied with in regard to service of process. In the instant case, the record shows that although the summons had been issued, it was returned *non sunt* as to all three makers of the note, including appellee. Appellant contends that even though this is so, appellee had actual knowledge of the judgment, and that this is sufficient to satisfy the requirement of notice to the judgment debtor.

Although in *Suydam* the judgment debtors were nonresidents, there was an applicable procedure to follow and that procedure had not been complied with. In this case the appellee

was a resident, and the procedure required by Rule 645 was not gratified. Rule 645 b requires that a summons be issued. Section d of that rule provides that if the summons is returned *non est,* as in this case, upon petition, the court shall provide for notice to the defendant through process by publication pursuant to Rule 105. The record does not show that this procedure was followed. The appellant has argued a question of laches, but not of waiver or estoppel, and we do not pass upon the possible merit, or lack thereof, of any of these contentions, if the plaintiff should seek to raise them at the hearing on the merits. We hold that the appellee's motion to dismiss this appeal must be granted.

Since the appeal will be dismissed we do not reach the appellant's contention that appellee's motion to strike the judgment failed to disclose any facts to indicate a meritorious defense. We note, however, that the motion in broad allegations, taken in conjunction with the defendant's testimony, did present some issues which might be available to her as defenses to the suit on the note. We do not comment on their sufficiency, but leave that to the determination of the trial court when the case is heard on its merits.

*Appeal dismissed, appellant to pay costs.*