604 A.2d 69

**ALBERT W. SISK & SON, INC.**

v.

**FRIENDSHIP PACKERS, INC., et al.**

No. 65, Sept. Term, 1990.

Court of Appeals of Maryland.

April 9, 1992.

Linda M. Schuett (Clifford C. Whitney, III, Frank Bernstein, Conaway & Goldman, all on brief), Baltimore, for petitioner.

Craig M. Schwartz (J.M. Dryden Hall, Jr., Hall, Levy & Marino, P.A., all on brief), Baltimore, for respondents.

Argued before MURPHY, C.J., ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW, and KARWACKI, JJ., and CHARLES E. ORTH, Jr., Judge, Court of Appeals (retired) Specially Assigned.

ELDRIDGE, Judge.

On December 12, 1988, pursuant to Maryland Rule 2–611(a), the plaintiff, Albert W. Sisk & Son, Inc., filed in the Circuit Court for Caroline County a complaint and a confessed judgment against the defendants, Friendship Packers, Inc., Richard L. Andrew and Donna L. Andrew. The defendants were served on December 16, 1988, and, within thirty days, pursuant to Rule 2–611(c), the defendants filed a "Motion to Vacate, Open or Modify the Judgment." A hearing on the motion was held on April 6, 1989. At that hearing the defendants argued that they had a meritorious defense required by Maryland Rule 2–611(d), asserting that they had paid the debt in full and that the plaintiff owed them approximately $150,000.00.[1] The circuit court, not fully convinced that a meritorious defense had been set forth, stated:

> "[T]he denial of the motion to vacate or set aside, will be accompanied with the right of the Defendant—of any of the Defendants ... to file a cross-claim, counter-claim, or whatever they want to, in this case, in sixty days, setting forth who they say owes what to who, and why, and the basis thereof. In the meantime, at least up front, I will do this much ... which will be to stay the enforcement of the judgment presently obtained for the sixty day period."

The docket entry for April 6th reads: "Court Denies Motion to Vacate filed 1–13–89, with the right of any defendant to

---

1. Rule 2–611 states in pertinent part as follows:
 **"Rule 2–611. CONFESSED JUDGMENT**
 \* \* \* \* \* \*
 "(c) **Motion by Defendant.**—The defendant may move to open, modify, or vacate the judgment within the time prescribed for answering by sections (a) and (b) of Rule 2–321. The motion shall state the legal and factual basis for the defense to the claim.
 "(d) **Disposition of Motion.**—If the court finds that there is a substantial and sufficient basis for an actual controversy as to the merits of the action, the court shall order the judgment by confession opened, modified, or vacated and permit the defendant to file a responsive pleading."

file Counter–Claim in this case, within 60 days. Court stays enforcement of Judgment for a period of 60 days. Counsel to present Order." The written order signed by the circuit judge was filed on April 27, 1989.

On April 12, 1989, the defendants filed a counterclaim and a demand for a jury trial, and on April 24, 1989, they filed a motion to revise the order reflected in the April 6th docket entry quoted above. A hearing was held on this motion to revise on May 2, 1989. At that hearing, the circuit court was persuaded that a meritorious defense to the confessed judgment did in fact exist and the court "sua sponte" revised the April 27th order and vacated the confessed judgment. The court again directed counsel to prepare a written order, and this order was filed on May 9, 1989. Thereafter the plaintiff Sisk & Son, Inc. both answered the counterclaim and noted an appeal from the circuit court's May 9th order.

The plaintiff argued before the Court of Special Appeals that the circuit court did not have authority to enter the May 9th order. The plaintiff contended that the circuit court's authority over a confessed judgment under Rule 2–611(c) and (d) takes the place of the general revisory power of the circuit court under Rule 2–535(a).[2] Thus, according to the plaintiff, the April 6th or April 27th denials of the motion to vacate the confessed judgment, pursuant to Rule 2–611(d), precluded the circuit court from revising its judgment under Rule 2–535(a). Under the plaintiff's theory, the confessed judgment was final when the motion to vacate was denied on April 6 or April 27, 1989; thereafter, the circuit court lacked authority on May 9, 1989, to reconsider

---

2. Rule 2–535 provides in part as follows:
 **"Rule 2–535. REVISORY POWER**
 "(a) **Generally.**—On motion of any party filed within 30 days after entry of judgment, the court may exercise revisory power and control over the judgment....
 "(b) **Fraud, Mistake, Irregularity.**—On motion of any party filed at any time, the court may exercise revisory power and control over the judgment in case of fraud, mistake, or irregularity."

this denial absent fraud, mistake or irregularity. The plaintiff's theory also rests upon the assumption that an order, such as that filed on May 9th, purportedly authorized by Rule 2–535, setting aside an earlier final judgment, is appealable if the order is in fact not authorized by Rule 2–535. Thus, under this assumption, the May 9th order was appealable.

The defendants argued that the "denial" of the motion to vacate entered on April 6th or April 27th was subject to the general revisory power of the court under Rule 2–535(a). Therefore, according to the defendants, the trial judge had broad authority to revise the April order for thirty days regardless of fraud, mistake or irregularity.

The Court of Special Appeals affirmed in an unreported opinion, agreeing with the defendants' argument. The intermediate appellate court held that the circuit court could revise the April order under the authority of Rule 2–535(a).

The plaintiff Sisk & Son, Inc. filed a petition for a writ of certiorari, requesting that this Court consider whether the circuit court erred in vacating a confessed judgment in response to a motion to revise when the motion to revise was filed more than thirty days after entry of the confessed judgment but within thirty days of a denial of the motion to vacate. The plaintiff argued that Rule 2–535(a) is inapplicable to a judgment denying a motion to vacate a confessed judgment and that, therefore, the circuit court on May 9, 1989, had no power to revise the "final judgment" of April 6 or April 27, 1989.

In order to address the important issue of the interplay between Rule 2–611(d) and the revisory power under Rule 2–535(a), we granted the petition for a writ of certiorari. *Cf. Quartertime Video v. Hanna*, 321 Md. 59, 65, 580 A.2d 1073, 1075–1076 (1990); *Banegura v. Taylor*, 312 Md. 609, 618–619, 541 A.2d 969, 973–974 (1988); *Owen v. Freeman*, 279 Md. 241, 245–248, 367 A.2d 1245, 1247–1249 (1977). *See also Gay Investment Co. v. Angster*, 231 Md. 318, 321, 190

A.2d 95, 97 (1963); *Sunderland v. Braun Packing Co.*, 119 Md. 125, 130–131, 86 A. 126, 127–128 (1912).

We shall not, however, be able to reach the question raised by the petitioner. There never was in this case a final judgment under Rule 2–601. Thus, no issue concerning the applicability of Rule 2–535, to revise an earlier final judgment, is presented. Because there never was a final judgment from which an appeal could be taken, the Court of Special Appeals lacked jurisdiction to hear the appeal. Therefore, we shall vacate the judgment of the Court of Special Appeals and remand the case to that court for dismissal of the appeal.[3]

---

**3.** We also do not decide the correctness of the plaintiff's assumption that, if the April 6th or April 27th order were final, and if Rule 2–535 were inapplicable to an order refusing to vacate a confessed judgment, then the May 9th order vacating the April order would be final and appealable.

We do note that there are cases, decided under former rules, taking the position that where no motion is made or no court action taken within the prescribed thirty days from a final judgment, and where the court vacates the final judgment upon a motion made after the thirty-day period has expired or vacates the judgment sua sponte after the thirty-day period, the court's action vacating the judgment is deemed final and appealable. *See First Federated Com. Tr. v. Comm'r*, 272 Md. 329, 333, 322 A.2d 539, 542 (1974) (dictum); *Ventresca v. Weaver Brothers*, 266 Md. 398, 403, 292 A.2d 656, 659 (1972); *Mut. Benefit Soc'y v. Haywood*, 257 Md. 538, 540, 263 A.2d 868, 870 (1970), and cases there cited.

On the other hand, this Court has held that when a motion to revise is made within the thirty-day period after a final judgment prescribed by the rules, or the trial court sua sponte revises the judgment within the thirty-day period, the court's order vacating the judgment, thereby leaving the case in a posture where further trial court proceedings are contemplated, is not final and appealable. *See, e.g., Tiller v. Elfenbein*, 205 Md. 14, 106 A.2d 42 (1954); *Corbin v. Jones*, 199 Md. 527, 86 A.2d 911 (1952); *Silverberg v. Dearholt*, 180 Md. 38, 22 A.2d 588 (1941); *Norris v. Ahles*, 115 Md. 62, 80 A. 654 (1911); *Laubheimer v. Johnson*, 98 Md. 685, 57 A. 539 (1904); *Preston v. McCann*, 77 Md. 30, 25 A. 687 (1893).

The instant case, in light of the plaintiff's argument that the thirty-day period prescribed by Rule 2–535(a) is inapplicable, does not appear to fall clearly within either of the above lines of cases. In *Owen v. Freeman*, 279 Md. 241, 249, 367 A.2d 1245, 1250 (1977), however, where the argument was also made that the thirty-day revisory period prescribed by former Rule 625a was inapplicable to

**158**

 Although the parties did not question the finality of the April 1989 order, or the appealability of the May 9, 1989, order, or the jurisdiction of the Court of Special Appeals, it is settled that the parties cannot confer jurisdiction on the appellate courts of this State by consent. *Anthony Plumbing v. Atty. Gen.*, 298 Md. 11, 15–16, 467 A.2d 504, 506 (1983); *Biro v. Schombert*, 285 Md. 290, 293, 402 A.2d 71, 73 (1979); *Eastgate Associates v. Apper*, 276 Md. 698, 700–701, 350 A.2d 661, 663 (1976). When an intermediate appellate court has entertained a case without having jurisdiction to do so, this Court will consider the issue of jurisdiction sua sponte. *Board v. Haberlin*, 320 Md. 399, 405, 578 A.2d 215, 217 (1990); *Dabrowski v. Dondalski*, 320 Md. 392, 397–398, 578 A.2d 211, 214 (1990); *Blucher v. Ekstrom*, 309 Md. 458, 463, 524 A.2d 1235, 1237 (1987); *Biro v. Schombert, supra; Smith v. Taylor*, 285 Md. 143, 147, 400 A.2d 1130, 1133 (1979); *Eastgate Associates v. Apper, supra; Tvardek v. Tvardek*, 257 Md. 88, 92, 261 A.2d 762, 765 (1970).

 In this case, the circuit court never issued a final order. Initially, we note that the docket entries of April 6th and May 2nd are not final judgments because, *inter alia,* the court directed counsel to prepare written orders. As we stated in *Rohrbeck v. Rohrbeck*, 318 Md. 28, 42, 566 A.2d 767, 774 (1989), "whenever the court ... indicates that a written order embodying the decision is to follow, a final judgment does not arise prior to the signing and filing of the anticipated order." Thus, the remaining discussion of finality concerns the written orders dated April 27th and May 9th respectively.

 Confessed judgments, although entered by the clerk, are subject to the control of the court. *S. W. Barrick & Sons v. J.P. Councill Co.*, 224 Md. 138, 140, 166 A.2d 916, 917 (1961); *Sunderland v. Braun Packing Co., supra,* 119

the type of final judgment there involved, this Court stated that "[a]n appeal will not lie from an order of the court striking the judgment, since the rights of neither party are finally determined. . . ."

Md. at 130, 86 A. at 127. Contrary to the assumption of the parties and the Court of Special Appeals, the April 27th order denying the motion to vacate was clearly not final. As the circuit court allowed the defendants to file a counterclaim or other document in order to persuade the court of a meritorious defense, and as the court stayed the enforcement of the confessed judgment, the judgment was not "intended by the court as an unqualified, final disposition of the matter in controversy." *Rohrbeck v. Rohrbeck, supra,* 318 Md. at 41, 566 A.2d at 773. *See also Cassidy v. Board of Educ. of Prince George's County,* 316 Md. 50, 55 n. 8, 557 A.2d 227, 229 n. 8 (1989); *Doehring v. Wagner,* 311 Md. 272, 275, 533 A.2d 1300, 1301–1302 (1987); *Houghton v. County Com'rs of Kent County,* 307 Md. 216, 223–224, 513 A.2d 291, 295 (1986); *East v. Gilchrist,* 293 Md. 453, 458–459, 445 A.2d 343, 345 (1982). Thus, the rights and interests implicated in the case were not finally determined and concluded. The leave to file a counterclaim, as well as the stay of the enforcement of the judgment, indicated that the trial court "contemplat[ed] that a further order be signed or that [some]thing more be done." *Walbert v. Walbert,* 310 Md. 657, 661, 531 A.2d 291, 293 (1987). *See Doehring v. Wagner, supra,* 311 Md. at 275, 533 A.2d at 1301–1302. The leave to file a counterclaim left the case open and the judgment nonappealable in the same way that an order dismissing a complaint or granting summary judgment, but also granting leave to amend, is not final and appealable. *See Makovi v. Sherwin–Williams Co.,* 311 Md. 278, 281, 533 A.2d 1303, 1305 (1987); *Doehring v. Wagner, supra,* 311 Md. at 274, 533 A.2d at 1301; *Griffin v. St. Mary's College,* 258 Md. 276, 279, 265 A.2d 757, 759 (1970); *Commissioner v. Steudl,* 233 Md. 543, 545, 197 A.2d 432, 434 (1964). Consequently, the April 27th order was not a final judgment within the meaning of Rule 2–601.

■ Since the April 27th order was not final, it was subject to revision like any other interlocutory order, without regard to Rule 2–535. *See, e.g., Quartertime Video v. Hanna, supra,* 321 Md. at 64–66, 580 A.2d at 1075–1076; *Banegura v. Taylor, supra,* 312 Md. at 618–619, 541 A.2d

at 973–974; *Davidson v. Miller,* 276 Md. 54, 85–86, 344 A.2d 422, 440–441 (1975). As the trial court on May 9th was clearly authorized to revise the order of April 27th, and as the May 9th order did not finally adjudicate the rights of the parties or terminate the circuit court proceedings, the May 9th order was not final and appealable. *See, e.g., Banegura v. Taylor, supra,* 312 Md. at 618, 541 A.2d at 973; *Yarema v. Exxon Corp.,* 305 Md. 219, 240–241, 503 A.2d 239, 250 (1986); *Owen v. Freeman, supra,* 279 Md. at 249, 367 A.2d at 1250; *Hartman v. Caddington,* 255 Md. 651, 258 A.2d 740 (1969); *Feinberg v. Geo. Wash. Cemetery,* 233 Md. 440, 197 A.2d 147 (1964); *Boteler & Belt v. State,* 7 G. & J. 109 (1835). *See also Old Cedar v. Parker Construction,* 320 Md. 626, 628–629, 579 A.2d 275, 276–277 (1990); *Unnamed Atty. v. Attorney Griev. Comm'n,* 303 Md. 473, 484–486, 494 A.2d 940, 946 (1985). Consequently, appellate jurisdiction was lacking and the Court of Special Appeals should have dismissed the appeal.

JUDGMENT OF THE COURT OF SPECIAL APPEALS VACATED, AND CASE REMANDED TO THAT COURT WITH INSTRUCTIONS TO DISMISS THE APPEAL. COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE PAID BY THE PETITIONER ALBERT W. SISK & SON, INC.